### THE HARRISON MACHINE WORKS V. F. TEMPLETON.

#### No. 2937.

1.   **Sufficient as Cause of Action.**—See petition held sufficient by a surety in a judgment asking relief against it on the ground that the principal debtor had delivered to the attorney for the plaintiff the property ordered to be sold to satisfy it; that the property when so delivered was in value largely in excess of the judgment; that the property would have sold for more than the judgment; that it was not sold, but converted to the plaintiff's use.

2.   **Jurisdiction.**—A county judge granted a temporary injunction in a case tried in his court.   Subsequently he recused himself, and the case was transferred to the District Court.   The District Court dissolved the injunction.   *Held*, that the District Court had jurisdiction to try the case upon the merits.   Its jurisdiction arose from the disqualification of the judge of the County Court, where, by Revised Statutes, article 2880, the injunction suit was returnable.

3.   **Release of Surety.**—Ordinarily the surety is not released if the creditor fails to have execution issued on his judgment, or having one issued fails to have it levied.

But if the judgment creditor goes to the extent of having an execution issued and actually levied, and thereby creating a lien on property out of which the judgment could be satisfied, such property becomes a fund to be applied to the judgment. In such case the creditor is chargeable with diligence, and is responsible for his own negligence in realizing upon it. The same rule should apply in case of an order of foreclosure upon property sufficient to discharge the judgment when it was actually delivered by the principal debtor to the attorney for the creditor for sale.

4. **Assignments of Error.**—General assignments of error will not be considered by the court. See example.

APPEAL from Ellis. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*G. W. Armstrong*, for appellant.—The County Court having a limited jurisdiction to issue writs of injunction, it should be made affirmatively to appear in the petition therefor that its jurisdiction attached. Stein v. Frieberg, 64 Texas, 271; Carlisle v. Coffee, 59 Texas, 391; McMahon v. Dennis, 1 Ct. App. C. C., sec. 1209; Bohl v. Brown, 3 Ct. App. C. C., sec. 540; 1 Ct. App. C. C., secs. 733, 1129, 1140, 134, 401, 554, 567.

*W. H. Fears*, for appellee.

FISHER, JUDGE, *Section B.*—This is a suit by appellee against appellant and W. D. Ryburn, instituted in the County Court of Ellis County. The object of the suit was to restrain the defendant from levying a writ of execution on the property of appellee and to enjoin the execution of the judgment on which the writ was based. The judgment sought to be enjoined was obtained in the County Court of Ellis County by appellant against R. O. Milam as principal and appellee as surety for the sum of $419.10, with foreclosure of a lien on a Monarch separator and Bellville engine. The judgment orders a sale of the separator and engine to satisfy the judgment and for execution against the property of Milam, and in the alternative for execution against the property of appellee.

The petition for injunction in substance states, that appellant is a foreign corporation; that R. O. Milam, principal defendant in the judgment, delivered to one John L. Cheek, the agent and attorney of appellant, the separator and engine, in order that the same might be sold and the proceeds applied to the satisfaction of the judgment; that the said Cheek as the attorney of appellant procured an order of sale to sell said property under the judgment and delivered same to W. D. Ryburn, sheriff of Ellis County; that the order of sale was returned not executed, by order of the said attorney of appellant; that the property was taken possession of by appellant through its attorney, and that it was of sufficient value to more than satisfy the judgment—interest and costs; that appellee requested the agent and attorney of appellant to

have said property sold under the judgment and the proceeds applied
to satisfaction of same, and offered to pay off the judgment if appellant
would deliver the property to appellee; that the agent and attorney of
appellant then informed appellee "that the property was more than
amply sufficient to pay off and satisfy the judgment, and that appel-
lant held against the defendant Milam another note, and in considera-
tion of being allowed by him to sell the property at private sale had
agreed to credit the overplus on said note, and that appellee was dis-
charged from liability;" that appellant kept the property and con-
verted it to its own use and sold the same at private sale, and that it
never applied the proceeds to the payment of said judgment.

The county judge granted the injunction restraining the execution
of the judgment. Afterward he made known his disqualification, and
the case was certified to the District Court for trial. Demurrers were
presented to the petition and motion to dissolve made in the District
Court. The District Court dissolved the injunction, and the case was
held over for trial on the merits. Upon final trial the jury returned a
verdict in favor of appellee. Whereupon judgment was rendered per-
petually enjoining and restraining appellant from enforcing the judg-
ment rendered in the County Court against appellee.

The point is urged that the court erred in overruling the general
and special demurrers addressed to the petition. We think the peti-
tion states a cause of action, and that the court did not err in overrul-
ing the demurrers. It is contended that the court erred in retaining
the case for trial on the merits after dissolving the temporary injunc-
tion. The reasons assigned why this action of the court is error are,
that the value of the property alleged in the petition to be converted
determines the jurisdiction of the court, and as this value was more
than $500 the County Court had no jurisdiction to grant the injunc-
tion, and that the county judge being disqualified to try the case, the
injunction awarded by him was a nullity, and being the foundation
and essence of the action, there was nothing of which the District Court
could take jurisdiction.

The principal purpose of this suit was to enjoin the execution of a
judgment rendered in the County Court of Ellis County. Article 2880
of Sayles' Civil Statutes in express terms makes such suits returnable
to the court where such judgment was rendered. Under such circum-
stances the jurisdiction is not determined by reference to the value of
the property the subject of controversy, but jurisdiction is lodged in
the court whose judgment and execution is questioned. The county
judge by reason of his disqualification may have wrongfully granted
the temporary injunction. The injunction so granted by the county
judge after the case was pending in the District Court was upon mo-
tion of appellant dissolved. This order dissolving the injunction ef-
fectually destroyed the temporary relief granted by the county judge.

If after this temporary relief was gone the petition presented a case on which upon final hearing relief could be granted, it was the duty of the court to hold the case over to be heard on the facts and to administer such relief as the parties could show they were entitled to. Love v. Powell, 67 Texas, 15. It is not supposed that the disqualification of the county judge extended simply to granting the temporary relief, but upon the contrary it extended to the entire case. And it is this disqualification that gives the District Court jurisdiction. The jurisdiction of the District Court having attached, it could retain it for all purposes until final disposition was made of the case.

The eighth assignment of error complains of the following charge of the court: "If you believe from the evidence that the Harrison Machine Works failed without the consent of plaintiff to have an order of sale issued on the judgment against Milam & Templeton, and have the property therein mentioned sold within a reasonable time after the rendition of said judgment, and that by reason of the failure to so sell, the property depreciated in value to that extent that it was insufficient to satisfy said judgment, when if the same had been sold within a reasonable time after rendition of judgment it would have sold for enough to pay off and discharge said judgment, then you will find for plaintiff. If, however, you believe that plaintiff requested the attorney of defendant, J. L. Cheek, not to sell under an order of sale from the court, but to hold up and try to sell at private sale, and you believe that in pursuance of said request said property was not sold until it did depreciate in value, then defendant would not be responsible for any loss that may have been occasioned by such delay."

The petition does not allege the depreciation of the property in value when in possession of appellant as one of the grounds relied on for the release of appellee from liability on the judgment. But the assignments of error do not urge objections to the charge in this respect, of presenting an issue to the jury not raised by the pleadings of appellee. The appellant in its answer alleges a depreciation in value of the separator, and the evidence fully shows that although the property may not have had a market value, it was of sufficient value to more than satisfy the judgment when it was placed in the possession of appellant for sale under the judgment. Ordinarily the surety is not released if the creditor fails to have issued an execution on his judgment, or having one issued fails to have it levied. But if the judgment creditor goes to the extent of having an execution issued and actually levied, and thereby creating a lien on property out of which the judgment can be satisfied, such property becomes a fund to be applied to the judgment. The creditor is chargeable with diligence in preserving and applying the proceeds of the sale of this property to the satisfaction of the judgment, and if he is negligent in failing to have the property sold within a reasonable time, and from this negligence results a loss

or depreciation in value of the property, and thereby the judgment remains unsatisfied, he is liable for this loss and depreciation, and the surety can look to it as a means of satisfying the judgment, and is relieved to the extent that the creditor's acts have resulted in loss. Brandt on Surety. and Guar., secs. 382, 384–389; Murrell v. Scott, 51 Texas, 526; Anderson v. Boyd, 64 Texas, 109. In this case no execution was actually levied on the property, but the judgment foreclosed a lien on the property and required an order of sale to be issued to sell said property under the judgment in satisfaction of the same. The property by the principal judgment debtor was delivered to the attorney of appellant to be sold in accord with the terms of the judgment. This judgment created a lien on the property as effectually as if an execution had been levied thereon, and in order to place appellant in a position to enforce this lien by a sale of the property it was actually delivered to it. These facts made it incumbent upon appellant to use diligence in selling the property and applying the proceeds to the payment of the judgment, and if from a failure to so do the property depreciated in value or a loss occurred, it is attributable to its own negligence, the results of which it must bear. The facts in the record justified the charge.

Appellant's ninth assignment of error reads: "The court erred in overruling the first, second, third, and sixth special charges asked by defendant. Reference is here made to each of said special charges. Tr., p. 45."

This assignment of error is not in accord with the rules. The press of business in investigating questions that are properly presented to us under the rules will not justify this court in devoting its time to the investigation of questions that counsel evidently regard of such slight importance that they deem it unnecessary to follow the plain and unambiguous provisions of the rules in presenting questions here. The propositions presented under this defective assignment of error must fall with it. We decline to investigate the questions presented by the propositions. Shumard v. Johnson, 66 Texas, 73.

It is contended by the tenth and eleventh assignments of error that the verdict of the jury is contrary to the evidence, because the evidence fails to show a conversion of the property by appellant and does not show its value. The theory of this case is not one of conversion, but a loss resulting to the surety through the negligence of the judgment creditor; and we think the evidence in effect shows such loss and that the negligence of the appellant occasioned it. We think the evidence fully shows the value of the property, and that it was more than sufficient to satisfy the judgment.

We conclude the case should be affirmed, and so report it.

*Affirmed.*