### ED. KIAM v. CUMMINGS & SON.

### Delivered March 19, 1896.

**Principal and Surety—Discharge of Surety.**

A surrender by the creditor to the principal debtor of property held as security for the entire debt has the effect to discharge a surety on a note given for a part of the debt.

APPEAL from the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*Perryman, Gillespie & Bullitt,* for appellant.—Where a creditor has personal security, and in addition has a mortgage or other collateral security, for the same debt, the surety, upon a discharge of the debt, is entitled to have the collateral security assigned to him; and if the creditor loses it, by negligence or by design, so that the surety cannot be subrogated to it upon his discharging the principal debt, the surety is discharged to the extent of the collateral security so lost. Murrel v. Scott, 51 Texas, 520; Harrison Medicine Works v. Templeton, 82 Texas, 443.

*G. W. Thorp,* for appellees.—When an indorsed promissory note is given for a portion of a debt, the balance of the debt being an account secured by collateral, the surrendering of such collateral does not release the indorser on such promissory note.

WILLIAMS, ASSOCIATE JUSTICE.—Appellees contracted with C. F. Morse to print for him a pamphlet descriptive of the city of Houston; for which Morse was to pay them a specified sum. The contract provided that the plates and all undelivered copies of the book were to be the property of appellees until the whole amount had been paid for the books. For one hundred and fifty dollars of the price appellees demanded of Morse a cash payment or a secured note which they could use in the banks, and Morse procured the endorsement of the note sued on by appellant Kiam, which was delivered to appellees, they accepting it with knowledge of the fact that Kiam endorsed it as surety for Morse's accommodation. Morse delivered to Kiam claims upon third parties as collateral to secure his endorsement. Subsequently he obtained the claims from Kiam and collected the money due upon them and paid it over to appellees, who applied it to the satisfaction of that portion of the debt unsecured by the note sued on, leaving that unpaid, and delivered to Morse the plates and most of the books, of value greater than the amount of the note. Morse obtained the claims from Kiam with the expressed purpose of paying the note with the money collected upon them, but did not notify appellees of such fact in paying the money over to them, nor did he instruct them to apply it to the note. When sued upon the note, Kiam set up payment of it in the manner just stated and also pleaded that he was released as endorser by the surrender by appellees of the security held by them. In both the justice's and county court judgment was rendered against Kiam and he prosecutes this appeal.

We are of the opinion that, by the surrender of other property belonging to Morse which they held as security for the debt also secured by Kiam's endorsement, appellees discharged Kiam. If it were true, as urged by counsel for appellees, that they held such other property as security for the balance of the account only, and not for the note, the surrender of such security would not affect the liability of the surety on the note; but we do not understand this to be the case. The contract stipulates that the property secures the whole debt, and the note was given for part of such debt. It is true, one of the appellees testified that they "accepted the note as so much cash," and they seek to treat it as payment of so much of the debt, leaving only the balance secured by the property held. But there was no understanding to that effect with Kiam, and the evidence even fails to show that there was with Morse, though the latter fact might perhaps be inferred. Kiam signed simply as surety, and of that fact appellees had knowledge, and were consequently bound to deal with him as such. A surety who pays the debt of his principal becomes entitled to the benefit of any security held by the creditor; and a surrender of such other security by the creditor to the principal debtor has the effect to discharge the surety. Murrell v. Scott, 51 Texas, 520; Harrison Machine Works v. Templeton, 82 Texas, 443.

It is unnecessary to determine the other question presented as to

whether or not the money paid by Morse should be applied to the discharge of the note.

The judgment against Kiam will be reversed and judgment will be here rendered discharging him.

*Reversed and rendered.*