**WOMACK v. DAVIDSON et al. (No. 2607.)**

(Court of Civil Appeals of Texas. Texarkana. June 22, 1922.)

**1. Principal and surety ⟜115(2)—Indorsee for value entitled to recover from surety, though payee accepted security in part payment of another debt.**

An indorsee in due course was entitled to recover the full amount of a note from a party appearing on the note as comaker, but who was in fact only a surety, although payee after indorsement without indorsee's consent accepted the security as part payment on another note, for as against indorsee there was no release of surety.

**2. Principal and surety ⟜115(1)—Surrender of security by creditor discharge of surety.**

Generally, surrender by creditor of any security held by him discharges surety.

**3. Principal and surety ⟜115(2)—Failure to foreclose chattel mortgage did not release surety.**

The fact that indorsee in due course did not sue to foreclose the chattel mortgage securing the note did not operate as a release of one signing as comaker, but who was in fact a surety.

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Action by R. M. Womack against W. M. Davidson, J. R. Davidson, and B. W. Nelson. From a judgment favorable to defendants J. R. Davidson and B. W. Nelson, plaintiff appeals. Affirmed as reformed.

On February 27, 1920, B. W. Nelson agreed to sell and did sell to W. M. Davidson a secondhand automobile for the price of $750,

payable $90 in cash and $660 evidenced by a note payable on October 15, 1920. The note was secured by W. M. Davidson by a chattel mortgage on the automobile, a horse, a mule, and a certain crop of cotton and corn to be grown during the year 1920. Later, on March 6, 1920, W. M. Davidson offered to trade in the old automobile for a new one of the same make. B. W. Nelson agreed to sell W. M. Davidson the new automobile for $1,100, allowing as a credit thereon the value of the old automobile, provided J. R. Davidson, the father of W. M. Davidson, would sign a note with W. M. Davidson for $350, which amount was the difference between the two cars, and that W. M. Davidson would give a chattel mortgage on the new automobile and a second lien on the crop of cotton included in the first mortgage given for the old automobile. The note and the mortgage were executed. The note was for $350 payable October 15, 1920, to the order of B. W. Nelson and signed by W. M. Davidson and J. R. Davidson. It appears from the evidence that in point of fact J. R. Davidson signed the note only as a surety, and that the inducement to do so was the giving of the chattel mortgage by W. M. Davidson on the new automobile. Shortly after the execution and delivery of the note, and before its maturity, the payee, B. W. Nelson, sold the note to appellant, R. M. Womack, for the full face amount of the note paid in cash. B. W. Nelson indorsed and guaranteed the payment of the note at maturity. In the fall of the year the maker of the note, W. M. Davidson, went to B. W. Nelson and stated to him that he would be unable to pay for the new automobile and wished to surrender it and obtain credit for its value. B. W. Nelson agreed to take and did take the automobile back for $400, and applied that amount as a credit on the note of $660 first given for the old automobile. The $660 note at the time the credit was applied thereon was owned and held by the First State Bank. The appellant, R. M. Womack, did not, as the record appears, have any connecnection with or notice of the agreement between B. W. Nelson and W. M. Davidson in reference to the return and surrender of the new automobile. Further, it does not appear that R. M. Womack knew, until after this suit was filed, that J. R. Davidson was a surety only on the note.

Appellant brought the suit to recover on the note against B. W. Nelson, W. H. Davidson, and J. R. Davidson, and to foreclose the chattel mortgage lien on the crops. B. W. Nelson answered admitting the sale and transfer of the note to the plaintiff, and asked for judgment over and against W. M. Davidson and J. R. Davidson for whatever amount the plaintiff recovered against him on the note. W. M. Davidson answered by general denial, and specially pleaded payment to B. W. Nelson of $100 on the note,

and asked to have judgment over and against B. W. Nelson for that sum of money. J. R. Davidson answered by general denial, and specially pleaded that he was discharged as a surety on the note because he was a surety only, and that the inducement which prompted him to sign the note as a surety was the giving of the chattel mortgage on the automobile, which was worth more than the amount of the note, and that the plaintiff is not seeking to enforce the lien on the automobile and to have such security sold to pay and discharge the note, and in effect released said security.

The case was submitted on special issues, and the jury made the findings, in substance: (1) That J. R. Davidson did not sign the note as a principal, but as a surety only; (2) that the giving of the mortgage on the new automobile was the inducement for J. R. Davidson to sign the note; (3) that the second mortgage did not cover any live stock; (4) that J. R. Davidson did not consent that the value of the new automobile be applied as a credit on the first note given by W. M. Davidson; and (5) that W. M. Davidson paid $100 to B. W. Nelson, and was entitled to a credit in that sum.

The court entered judgment in favor of R. M. Womack against W. M. Davidson for the amount of the note, interest, and attorney's fees, together with foreclosure of the chattel mortgage lien on the crop, and that R. M. Womack take nothing against J. R. Davidson. It was further adjudged that W. M. Davidson recover of B. W. Nelson the $100 paid on the note.

Dial, Melson, Davidson & Brim, of Sulphur Springs, for appellant.

Grover Sellers and T. J. Ramey, both of Sulphur Springs, for appellees.

LEVY, J. (after stating the facts as above). [1-3] It is insisted by appellant that as the evidence showed affirmatively and without dispute that he acquired the note in due course of trade as an innocent purchaser for value before its maturity, a judgment should have been rendered in his favor against B. W. Nelson, W. M. Davidson, and J. R. Davidson. Appellant was awarded judgment on the note, with foreclosure of the chattel mortgage lien on the crop, against W. M. Davidson only. It is conceded in the brief of appellees that appellant should have judgment against B. W. Nelson, the original payee, and who indorsed and guaranteed the note to appellant. A judgment in favor of appellant against J. R. Davidson seems to have been denied upon the ground that as J. R. Davidson was, as found by the jury, a surety, only on the note, then the surrender by W. M. Davidson to B. W. Nelson of the automobile held under mortgage as security for the debt operated to release J. R. Davidson as the surety on the note. The general rule is that a surrender by a creditor of any security held

by him discharges the surety. Machine Works v. Templeton, 82 Tex. 443, 18 S. W. 601; Kiam v. Cummings, 13 Tex. Civ. App. 198, 36 S. W. 770. In view of the evidence, though, that rule would not have application to appellant Womack, suing as he does as an innocent purchaser and owner of the note before maturity. It does not appear that appellant Womack agreed or consented to the surrender of the mortgaged automobile to B. W. Nelson. It was B. W. Nelson, it appears, who agreed with W. M. Davidson for the surrender of the automobile. At the time of this agreement between B. W. Nelson and W. M. Davidson for the surrender and release of the automobile, the appellant Womack, and not B. W. Nelson, was the owner of both the note and the chattel mortgage securing it. B. W. Nelson was not authorized by appellant to make or act for him in making any such agreement with W. M. Davidson. Neither did appellant, as it appears, agree or consent with W. M. Davidson that he might surrender the automobile to B. W. Nelson, or any one else, in discharge of any indebtedness due. Therefore there was not, as against appellant, any legal release of the automobile from the lien of the chattel mortgage. Consequently, it cannot be held in this record that appellant Womack has by agreement or consent so dealt with the automobile as to release or legally affect it as security or part security for the note. It follows that J. R. Davidson is not injured or affected as a surety on the note. At the time the appellant purchased the note, his right in the note and security therefor became legally fixed, and it does not appear that appellant by act or agreement altered such legal rights up to and at the time of filing the suit. The mere fact that appellant did not sue to foreclose the chattel mortgage lien on the automobile did not operate to release J. R. Davidson, the surety. Erwin v. Powder Co. (Tex. Civ. App.) 156 S. W. 1097; Dillard v. Chandler (Tex. Civ. App.) 157 S. W. 303. Judgment should therefore, it is concluded, have been entered against him for the debt sued for.

If J. R. Davidson was entitled to a remedy over and against B. W. Nelson, by reason of the agreement between B. W. Nelson and W. M. Davidson relating to the surrender of the new automobile, still his pleadings do not seek any remedy over and against him. B. W. Nelson did not recover a judgment over and against J. R. Davidson as surety, and that conclusion of the court is sustained.

The judgment is reformed so as to award judgment in favor of the appellant against B. W. Nelson and J. R. Davidson for the same amount as awarded against W. M. Davidson, and as so reformed the judgment is affirmed in all respects against all the appellees. The appellee J. R. Davidson will pay all costs of the appeal.