## LEE v. FIRST NAT. BANK OF PURDON.
(No. 982.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 31, 1923.)

**1. Pleading ☞228—Exception that allegations of defendant's answer were insufficient in law while denominated a special demurrer held general.**

Where plaintiff in an exception to the allegations of defendant's answer stated that they were wholly insufficient in law and showed no legal defense to plaintiff's suit, while denominated as a special demurrer, being general in terms simply challenges the entire plea as presenting no defense.

**2. Bills and notes ☞477 — Allegation which raises issue of fraud a good defense to a suit on a note obtained by the fraud by the payee.**

An allegation that defendant was induced to sign a note as surety on representations of the payee and the maker that all the money obtained by the note would be used in growing crops on defendant's farm on which the maker was a tenant, but that an old debt to the payee was included, to which defendant did not know or agree, raises an issue of fraud, and is a good defense to the amount of the old debt in a suit by the payee.

**3. Pleading ☞228—Exception did not raise issue that answer sought to vary written contract by parol.**

An exception in the nature of a general demurrer to defendant's answer that his signature to the note in suit was affected by fraud of the maker and payee, in effect admitted the matters alleged, and did not raise an issue that the answer sought by parol proof to vary the terms of a written contract.

**4. Evidence ☞434(12) — Fraud in securing signature of defendant to a note may be shown by parol.**

If a surety was induced to sign a note by misrepresentation of payee and maker who represented that the money raised by the note was to be used in financing crops to be grown on defendant's land, but which included an old debt owing to payee from maker which defendant did not know, that fact may be shown by parol evidence.

**5. Evidence ☞432—Failure of consideration for which note is executed may be shown by parol.**

Where defendant was induced to sign a note as surety by the payee and maker representing that the money would be used in financing crops to be grown on defendant's land, but the note included an old debt owing to payee from maker, the consideration for defendant's signature having failed as to the amount of the old debt may be shown by parol evidence.

**6. Evidence ☞443(2)—Parol evidence admissible to show an independent agreement made as an inducement to a written contract.**

Parol evidence is admissible to show an independent agreement made as an inducement to a written contract, notwithstanding the written contract contains no reference to such agreement.

**7. Principal and surety ☞115(1)—Creditor's failure to preserve unimpaired his rights against principal held to discharge surety.**

Where the creditor had received sufficient proceeds from the principal to satisfy the note sued on, but had allowed the principal to appropriate the proceeds to his own use, the creditor having failed to preserve unimpaired his rights against the principal, thereby increasing the liability of the surety, the surety is discharged.

**8. Evidence ☞441(12)—Oral agreement that creditor was to look for payment to property secured by a mortgage cannot be shown where varying the written contract.**

Where defendant executed a note as surety, an oral agreement, whereby the creditor was to look for payment to the property secured by a mortgage and to call on the surety only if the security was insufficient, cannot be shown, where it would have the effect of varying the terms of a written contract between the parties.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by the First National Bank of Purdon against John S. Lee and another. Judgment for plaintiff, and defendant Lee appeals. Reversed and remanded.

Callicutt & Johnson, of Corsicana, for appellant.

Richard Mays, of Corsicana, for appellee.

O'QUINN, J. Appellee, First National Bank of Purdon, sued H. T. Hazlewood and J. S. Lee on a note for the sum of $2,315.50 ($2,000 principal and $315.50 interest to maturity), and also for the sum of $9.57 balance due on another note, and for the foreclosure of a mortgage given by Hazlewood on certain personal property and the entire crop to be grown by Hazlewood upon the farm of J. S. Lee during the year 1920 to secure the payment of said notes. Hazlewood was duly served, but filed no answer. Lee answered, setting up that he was surety for Hazlewood on the notes sued upon, and specially pleaded:

(1) That in November, 1919, he rented to Hazlewood his farm of 335 acres for the year 1920 for one-third of the grain and one-fourth of the cotton to be grown on said farm during said year; that Hazlewood desired defendant Lee to assist him in obtaining money with which to cultivate said rented premises, and that plaintiff bank agreed to loan said Hazlewood the money, and that he, Lee, agreed with plaintiff to release his landlord's lien upon the crop grown upon said premises, except his rent of one-third of the grain and one-fourth of the cotton; that plaintiff agreed to loan said Hazlewood a sufficient amount of money to assist him in

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(254 S.W.)

cultivating the crops upon said rented premises, and he, Lee agreed to become a surety upon the note of Hazlewood for money with which to make a crop and for no other purpose; and that Hazlewood was to and did secure the note by mortgage upon certain personal property and the crop.

(2) That he, Lee, was unlearned, being able only to sign his name mechanically; that plaintiff and Hazlewood stated to him at the time the note was executed that the money being thus loaned to Hazlewood was for the purpose only of making a crop upon the said rented premises; that plaintiff and Hazlewood stated to him that it would require in the neighborhood of $2,000 to make said crop upon said premises; that later plaintiff and said Hazlewood represented to him that the sum of $100 more was needed to make said crop; and that he then executed as surety another note for said sum; that he received no consideration for the execution of either of said notes; that "there was included in the note for $2,315.50 an old debt due by said Hazlewood to said plaintiff, amounting to about the sum of $1,400 or more, and which was falsely and fraudulently included in said note by said plaintiff and said Hazlewood, without the knowledge of this defendant, and for the purpose of fraudulently securing the signature of this defendant to said note, and this defendant would not, under any consideration, have agreed to sign said note, nor would he have signed the same, if he had known that said note was being given for a past-due indebtedness of said Hazlewood, and would not have signed said note nor have agreed to pay plaintiff any sum of money whatsoever, but for the representation that the note given was to be for money being advanced and to be advanced by said bank to said Hazlewood to make, said crop, and for no other purpose. * * * Defendant says that he is not bound, at least on that portion of said note described in section 1 of said petition, which was given for an old debt of said Hazlewood."

(3) That said Hazlewood, with the consent of plaintiff, sold and disposed of two mules covered by said mortgage of the value of $400, to which he, Lee, did not consent, and of which he had no knowledge, and that his liability on said note was pro tanto discharged.

(4) That plaintiff received of the crop of cotton and cotton seed and the proceeds of the cotton and cotton seed grown upon said rented farm more than enough to have paid off and fully discharged the said notes sued upon, and that the proceeds of said mortgaged crop were paid into plaintiff bank and deposited with said bank in a sum more than enough to fully pay off and discharge said notes, and pleaded complete payment of same.

(5) That plaintiff, after coming into the possession of the proceeds of said mortgaged crop, did not credit same on said notes, but permitted Hazlewood to receive same and to draw and check out of said bank said money and spend same for purposes other than the payment of said notes, and had thereby released him from liability as surety on said notes.

(6) That he demanded of plaintiff bank, both verbally and in writing, during the fall of 1920, and while said mortgaged crops were being gathered, that plaintiff proceed to foreclose its mortgage, and that plaintiff failed and refused to do so, and allowed same to be gathered, sold, and disposed of by said Hazlewood, and that plaintiff could have collected out of the crops mortgaged and the personal property mortgaged sufficient money to have paid off and discharged all of said notes, but failed and refused to do so, after demand in writing by defendant to do so.

(7) That plaintiff and Hazlewood conspired together to compel him as surety to pay said notes, and that plaintiff allowed Hazlewood to dispose of the mortgaged property, and to appropriate and use the proceeds thereof.

Appellee presented exceptions to sections 4, 5, 6, and 7 (which comprised all the special answers above noted) of the answer as being not only insufficient in law, but showed no lawful defense to plaintiff's suit, which were sustained by the court, and said special answers and defenses stricken as follows:

"It is therefore ordered, adjudged, and decreed by the court that said exceptions be, and the same are hereby sustained, and that sections 4, 6 and 7 of the defendant J. S. Lee's answer be stricken out, which is accordingly done."

This eliminated all of said special defensive matters pleaded, except the allegation that Hazlewood had, with the knowledge and consent of plaintiff, disposed of two mules, this allegation being section 5 of said answer.

Appellant then, by leave of the court, filed a trial amendment, amending sections 4, 6, and 7 of the original answer, materially enlarging and amplifying them, among other things alleging that at the time of the execution of the $2,315.50 note sued on and the execution of the mortgage by Hazlewood, is was agreed between plaintiff and appellant, and as a part of the consideration for which appellant became a surety upon said note, that plaintiff would look to the security in said mortgage for the payment of said note, and would collect said note out of the security given by Hazlewood, and that appellant would be called on to pay said indebtedness only, if at all, after plaintiff had compelled Hazlewood to turn over to plaintiff all of.

said mortgaged crops, and but for this agreement appellant would not have signed said note, to which said trial amendment plaintiff urged its said exceptions, and which the court sustained.

The court having held that appellant's answer presented no defense, upon the conclusion of the case gave a peremptory instruction to the jury to return a verdict for plaintiff, which was done, and judgment rendered for appellee for the debt and foreclosure of the mortgage, to which appellant excepted, and from which he has appealed.

By appropriate propositions, appellant first urges that the court erred in sustaining plaintiff's exception to paragraph 4 of his answer, wherein he pleaded fraud on the part of plaintiff and Hazlewood in obtaining his signature as surety to the $2,315.50 note, in that it contained $1,400 that represented an old and past due debt of Hazlewood to plaintiff bank, of which appellant did not know, and to the inclusion of which he did not consent, but that plaintiff and Hazlewood led appellant to believe that the full sum of said note was for money with which the said Hazlewood was to grow a crop on the farm of appellant, and for no other purpose, by reason of which there was a failure of consideration to the amount of said old debt.

[1] Plaintiff's exception to said paragraph is:

"Plaintiff specially excepts to the allegations in paragraph 4 of said answer, and says they are not only insufficient in law but show no legal defense to plaintiff's suit; and of this it prays the judgment of the court."

[2-4] While plaintiff denominates this a special demurrer, it is general in its terms, simply challenges the whole of said plea as presenting no defense, and as such it was sustained by the court, and the answer stricken out. We think that, if the facts pleaded by appellant are true, the answer did present a good and lawful defense to the amount of the old debt included in the note, to which inclusion the surety did not assent. If, as pleaded by appellant, the old debt of Hazlewood, in the sum of $1,400 was included in the note without the knowledge or consent of appellant, it being understood by him that the whole of the note was for money to be used in the growing of a crop on the premises rented by him to Hazlewood, and that such belief was induced by the statements of plaintiff and Hazlewood, then a fraud was perpetrated upon appellant by plaintiff and Hazlewood, and the plea set up a good defense to said amount. But appellee says the court sustained the exception because the answer sought, by parol proof, to vary the terms of a written contract. The exception presents no such objection to the proffered plea, but is in the nature of a general demurrer, admitting the matters alleged, but insisting that they presented no defense, and thus it was sustained by the court. But, if the court sustained the exception on the ground that the answer sought to vary the terms of a written contract by parol proof, then we think the court was in error. Parol evidence is always admissible to show that the execution of an instrument was obtained by fraud. The appellee and Hazlewood, if the answer states the truth, induced appellant to sign the note as surety in order to procure for Hazlewood a loan of money with which to make a crop on appellant's farm, by stating to him that the amount of money named in the note was necessary to finance the making of said crop by Hazlewood. The note, in fact, contained $1,400 that was for an old debt Hazlewood owed the bank, and to that extent was not for money to finance the making of a crop on appellant's place, as represented. If the allegations of appellant are true, he executed the note in ignorance of the facts, and under a deception practiced upon him by appellee and Hazlewood. A party cannot be bound by an act into the doing of which he has been drawn by false colors held out to him and under a supposition that he is acquainted with all the facts, when they have been suppressed by the other parties. The procuring of his signature, under the circumstances stated in the answer, operated a virtual fraud upon the appellant, and avoided the contract as to him to the amount of said sum so fraudulently included in said note. Trammell v. Swan, 25 Tex. 499; Daniel on Negotiable Instruments, vol. 1, § 177.

[5, 6] Furthermore, in a suit on a note by the original payee, parol evidence is admissible to show a want of failure of consideration. Daniel on Negotiable Instruments, vol. 1, § 81a and § 174; Clayton v. Paper Co. (Tex. Civ. App.) 146 S. W. 695; Waters v. Byers Brothers & Co. (Tex. Civ. App.) 233 S. W. 572, 576, et seq. If the signature of appellant was secured to the note in the manner by him alleged, then the consideration for the note failed, to the extent of the fraudulent inclusion of the Hazlewood old debt. Moreover, the allegation of appellant in his answer that at the time the note was executed that appellee agreed with him that it would actively look to the property secured for the payment of the note, and would collect out of the property mortgaged to secure the payment of the note, and that he would be called on to pay only so much of said note as could not be collected out of the property mortgaged, was an allegation permissible to be proven by parol evidence, because it was a part of the whole contract, made at the time, and not reduced to writing. The entire contract, under appellant's allegations, was not expressed in the note, and, as a part of a contract may be in writing and other parts may be oral, it is always competent, when such is the case, and where the oral stipulations are not such

as the law requires to be in writing, to show by parol those which were made orally, provided that in so doing the part which has been put in writing is not altered or varied. Parol evidence is admissible to show an independent agreement made as an inducement to a written contract, notwithstanding the written contract contains no reference to such agreement. Henry v. McCardell, 15 Tex. Civ. App. 497, 40 S. W. 172; Hansen v. Yturria (Tex. Civ. App.) 48 S. W. 795; Preston v. Breedlove, 36 Tex. 96; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845; Coal & Iron Co. v. Willing, 180 Pa. 165, 36 Atl. 737, 57 Am. St. Rep. 626; 3 R. C. L. 139; 10 R. C. L. p. 1035, § 228.

Appellant next complains that the court erred in sustaining appellee's exceptions to paragraph 6 of his answer, wherein he pleaded as a defense that appellee had received sufficient of the proceeds of the crops raised on the rented premises, and which were mortgaged to secure the payment of the notes sued on, to more than pay same, but that appellee had failed to credit same on said notes, and had permitted Hazlewood, the maker of said notes, to receive and appropriate said·proceeds to his own use and for other purposes than the payment of said notes; wherefore appellant's liability as surety on the notes was discharged.

[7] We think the proposition well taken. It is well settled law that, if a creditor fails to preserve unimpaired all his rights against the debtor, or does anything which is calculated to increase the surety's risk or expose him to greater liability, he thereby discharges the surety. It would be inequitable to allow a creditor to abandon an absolute lien or security upon property of the principal which he holds and to retain his hold on the surety. If Hazlewood delivered to appellee the cotton mortgaged or the proceeds of the sale of the cotton, and appellee failed to credit same upon the notes to secure the payment for which the mortgage was given and upon which cotton the mortgage lien existed, and permitted Hazlewood to withdraw said money or proceeds from the bank and to appropriate same for purposes other than the payment of the notes, without the consent of appellant, then appellant is discharged pro tanto from liability on said notes. Murrell v. Scott, 51 Tex. 520; Harrison Machine Works v. Templeton, 82 Tex. 443, 18 S. W. 601; Kiam v. Cummings, 13 Tex. Civ. App. 198, 36 S. W. 770; Bennett v. Taylor, 43 Tex. Civ. App. 30, 93 S. W. 704; Galbraith v. Townsend, 1 Tex. Civ. App. 447, 20 S. W. 943; Pursifull v. Banking Co., 97 Ky. 154, 30 S. W. 203, 53 Am. St. Rep. 409; Nunn v. Smith (Tex. Civ. App.) 194 S. W. 406; Crim v. Fleming, 101 Ind. 154; 21 R. C. L. 987, § 37, pp. 990–1053–1056. Appellee is alleged to have received cotton mortgaged and the proceeds of same sufficient to have paid off the notes, but, instead of crediting same on the notes, simply credited to the bank account of the maker of the notes, and then permitted him to withdraw same and expend it for other matters than the payment of the notes for which it was pledged. This was a positive act by appellee, detrimental to appellant, for appellant executed the note as surety, and thereby involved himself to the extent of the notes, and is now sued for the entire sum, which he alleges results from the failure of the appellee bank to live up to its undertaking.

Other questions are presented by appellant, but, as they are not likely to arise upon another trial, they are not discussed.

For the errors indicated, the judgment is reversed and the cause remanded.

HIGHTOWER, C. J. (concurring). I agree with the disposition of this case as made by Judge O'QUINN in the foregoing opinion, and also agree with all legal conclusions reached, as shown by the opinion, save one.

[8] I do not think it was permissible for appellant to plead, as he did by his trial amendment, that, at the time the note and mortgage in this case were executed, it was orally agreed that the bank was to look primarily to the security afforded by the mortgage for payment of the note, and that appellant was to be held liable as surety on the note in the event only that enough could not be realized by a sale of the mortgaged property to pay the note. Such oral agreement, if permitted to be shown, would, in my opinion, have the effect to vary the terms of the written contract between the parties. There is no question that the mortgage and note which were executed at the same time purport to constitute a full, complete, and enforceable contract in writing, and by that contract appellant's liability on the note as surety is not secondary, but is primary—is not conditional, but is absolute, in the event the note should not be paid by the maker. If the alleged oral contemporaneous agreement should be permitted to be shown, its effect would be to make appellant's liability as surety on the note only secondary, and the property covered by the mortgage would have to be looked to as the primary surety and security for the payment of the note.

I shall not attempt a discussion of the authorities on the point, but merely refer to the comparatively recent case of Waters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 572. In that case, the general rule is reiterated and reaffirmed, to the effect that a contemporaneous parol agreement between parties to a written contract, which appears on its face to be a full and complete contract, cannot be shown, if to do so would have the effect to contradict or vary the terms of the written contract. Practically all of the Texas cases on the point are there cited, and

many of them discussed. I have carefully read many of the cited cases in that opinion, especially those of our Supreme Court, and have reached the conclusion that the majority opinion in the case correctly applies the general rule on the point here under consideration, and in accordance with the view I have above expressed.

WALKER, J.. I concur in the conclusions announced by Mr. Chief Justice HIGHTOWER.