## HANKINS et al. v. MINCHEW.
(No. 666–4551.)

(Commission of Appeals of Texas, Section B. June 23, 1926.)

1. **Appeal and error** ⬅➡1178(8)—**Cause will be remanded to permit amended pleadings only where judgment is reversed for other reasons, and judgment cannot be reversed to permit remand so that appellant may amend pleadings.**

Cause will be remanded to enable winning party below to amend pleadings only where judgment is reversed for other reasons, and judgment cannot be reversed in order that cause may be remanded to permit appellant to amend pleadings.

2. **Appeal and error** ⬅➡1178(8)—**Court of Civil Appeals, after sustaining appellant's contention that certain issue should have been submitted to jury, properly remanded cause to enable her to amend pleadings.**

Court of Civil Appeals having sustained appellant's contention that certain issue should have been submitted to jury, thus necessarily reversing trial court's action in giving summary instruction against her, properly remanded cause to enable her to amend pleadings.

3. **Appeal and error** ⬅➡719(1).

Holding not assigned as error must be accepted as correct.

4. **Appeal and error** ⬅➡694(2)—**Effect of requests for summary instructions by both parties at close of testimony will not be considered, where transcript does not show that plaintiffs in error requested such instruction or otherwise waived verdict.**

Whether requests for summary instructions by both parties at close of testimony were tantamount to withdrawal of all fact issues from jury will not be considered, where transcript does not show that plaintiffs in error requested such instruction or otherwise waived verdict.

5. **Appeal and error** ⬅➡719(1).

Errors not assigned cannot be revised.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Henry Hankins and another against Mattie Minchew. Judgment for plaintiffs was reversed and the cause remanded by the Court of Civil Appeals (278 S. W. 306), and plaintiffs bring error. Affirmed.

C. A. Williams, of Childress, and Jos. H. Aynesworth, of Wichita Falls, for plaintiffs in error.

E. E. Diggs, of Childress, for defendant in error.

SPEER, J. Henry Hankins and Claud Terrell brought this suit against Mattie Minchew and her former husband, A. P. Minchew, in trespass to try title and to remove cloud from the title of certain lands in Childress county described in the petition. The defendant, Mattie Minchew, after the usual pleas in actions of that character, pleaded specially that the deed from her husband to her under which she claimed, though reciting love and affection as the consideration, was in truth and in fact executed to reimburse her for the value of her separate property, which her husband had caused to be conveyed to other parties, and also to reimburse her for her separate means and money which he had used for his own benefit. A jury was impaneled, but upon a summary instruction returned a verdict for the plaintiffs for the land in controversy.

The defendant, Mattie Minchew, appealed to the Court of Civil Appeals, and that court reversed and remanded the cause. 278 S. W. 306. The cause is before us upon a writ granted in these words:

"We doubt whether the case should have been remanded to allow Mrs. Minchew to amend her pleadings."

[1] In the application for the writ of error it is more than once stated that the cause was reversed and remanded in order that Mattie

Minchew might, if she so wished, amend her pleadings so as to exercise a right of redemption which the Court of Civil Appeals found to exist in her favor. Indeed, in the course of the opinion by the Court of Civil Appeals it is said:

"The proper practice in cases of this character is to reverse the judgment and remand the case for another trial in order that Mrs. Minchew, if she desires to do so, may amend her pleadings and tender to plaintiffs the amount which they were required to pay to redeem, and interest."

So that it would appear the Court of Civil Appeals had reversed the judgment of the district court in order that the cause might be remanded to enable Mrs. Minchew to amend her pleadings. Of course, this is not permissible. It is only where a judgment of the trial court has been reversed for other reasons that the cause will be remanded rather than rendered to enable the winning party below to amend his pleadings or otherwise strengthen his case.

"It is the rule, where a judgment *has been reversed*, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction. Buzard v. Bank, 67 Tex. 83, 2 S. W. 59, 60 Am. Rep. 7; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217; Hill v. Moore, 85 Tex. 335, 19 S. W. 162; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Smith v. Patton (Tex. Com. App.) 241 S. W. 109; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002; Camden, etc., Co. v. Yarbrough (Tex. Com. App.) 215 S. W. 842; Baker v. Shafter (Tex. Com. App.) 231 S. W. 349; Pershing v. Henry (Tex. Com. App.) 255 S. W. 382." (Italics ours.) Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043.

[2] But the Court of Civil Appeals has not violated this rule. It did say that the proper practice was to reverse the judgment and remand the case for another trial in order that Mrs. Minchew might amend her pleading, but evidently it was only the order of remand that was entered to thus favor her, for the court had already sustained her contention that the issue of conveyance to her in satisfaction of a debt by her husband should have been submitted to the jury, thus necessarily reversing the action of the trial court in giving a summary instruction against her.

[3] There are four assignments of error presented in the application, but neither of these in any wise complains of the action of the Court of Civil Appeals in respect to the holding just mentioned. We are therefore not called upon to review that question. It must be accepted as a correct holding. The case, therefore, having been properly reversed, the Court of Civil Appeals was entirely within the decisions as to the practice of remanding out of consideration for the equities of Mrs.

Minchew. The case was in no condition to be rendered either for the appellant or the appellee. It had not been fully developed.

[4, 5] Plaintiffs in error have insisted, both in oral arguments and supplemental written arguments, that, both parties having requested a summary instruction at the close of the testimony, this was tantamount to a withdrawal of all issues of fact from the jury and an agreement that the court should pass upon them with the usual presumptions attending such submission. But here again the record *does not sustain them*. There is nothing in the transcript to show that plaintiffs in error requested a summary instruction in their favor, or otherwise waived a verdict. We will decide the important question of practice thus invoked, when it is before us. But, if the matter had been as suggested by plaintiffs in error, and the rule of practice is as they claim, yet it can avail them nothing, because, as already shown, there is no assignment before us attacking the holding of the Court of Civil Appeals that the defensive issue of Mrs. Minchew should have been submitted to the jury. We cannot revise errors not assigned.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.