## LIMESTONE COUNTY v. ROBBINS.
### No. 913.

Court of Civil Appeals of Texas. Waco.

June 18, 1931.

Rehearing Granted in Part, Overruled in Part, July 9, 1931.

Rehearing Denied Oct. 1, 1931.

Lewis M. Seay, Carl Cannon, and Scott Reed, all of Groesbeck, for appellant.

L. W. Shepperd, of Groesbeck, for appellee.

GALLAGHER, C. J.

Appellee, W. A. Robbins, instituted this suit to recover of appellant, Limestone county, certain sums of money which he alleged accrued to him as fees of office during the years 1923 to 1926, inclusive, while serving as the duly and legally qualified tax collector of said county. The case was tried to the court, and resulted in judgment in favor of appellee against appellant for the sum of $464.88 for preparing the delinquent tax list for the years 1921 and 1922, the sum of $233.80 for preparing the delinquent tax list for the years 1923 and 1924, and the further sum of $13,068.94 for collecting delinquent taxes. Said judgment recited that said last-named sum was 5 per cent. on the delinquent taxes collected by appellee during the years 1923, 1924, and prior to September 1, 1925, and erroneously paid to appellant.

The controlling issues of law involved in this appeal were presented by certificate to the Supreme Court for determination. The facts are fully set out in our certificate, which is incorporated in the opinion of the court answering the questions submitted. Limestone County v. Robbins, 38 S.W.(2d) 580. The court held in said opinion that appellee was not entitled to recover for preparing the tax list for the years 1923 and 1924, nor for collecting delinquent taxes.

The judgment of the trial court in so far as the same awards appellee a recovery against appellant of the sum of $233.80 for preparing the delinquent tax list for the years 1923 and 1924, and of the further sum of $13,068.94 as 5 per cent. on delinquent taxes collected by him, is here reversed, and judgment is here rendered that appellee take nothing on either of said claims. Said judgment so far as same awards appellee a recovery against appellant for the sum of $464.88 for

preparing the delinquent tax list for the years 1921 and 1922 is affirmed.

## On Motion for Rehearing.

Appellee has filed a motion for rehearing, in which he complains of our action in reversing the judgment of the trial court in his favor and rendering judgment against him on his claim for 5 per cent. on all delinquent taxes collected by him prior to the repeal of section 3, chapter 147, General Laws of the 34th legislature (1915), page 250. Appellee alleged and proved that he collected from each delinquent taxpayer an additional 5 per cent. on all taxes, interest, and penalties over and above the same, and that, under the mistaken belief that he was required by law to do so, paid said additional 5 per cent. into the county treasury. He recovered on said claim in the district court.

When we prepared the certificate and presented it to the Supreme Court in this case, we were in some doubt as to whether appellee sued solely for the additional 5 per cent. collected by him on all taxes, interest, and penalties over and above the amount of the same, or whether he also sued in the alternative for the statutory commission of 5 per cent. of all the sums so collected. We therefore presented the issue of his right to recover on each of such theories to the Supreme Court for determination. The Supreme Court held that appellee was not entitled to recover on either theory, but based its denial of his right to recover the 5 per cent. commission allowed by said act on the ground that he had failed to allege and prove affirmatively that he performed the specific duties prescribed by such act and for the performance of which such additional compensation was allowed. Since appellee recovered on said claim in the trial court, it became our duty to. reverse its judgment awarding such recovery. It is, however, the rule, where a judgment has been reversed, to remand to the trial court rather than to render it, where the ends of justice will be better subserved thereby. It is proper to remand the cause in such cases to afford a party an opportunity to amend his pleadings or to supply additional testimony. Hankins v. Minchew (Tex. Com. App.) 285 S. W. 264, and authorities there cited. Appellee asserts in his motion that he can supply testimony sufficient to entitle him to recover, and asks that we remand the cause as to said claim to enable him to amend his pleadings and submit the required proof. Under the authorities cited, he is entitled to an opportunity to do so.

The judgment of this court is therefore so modified as to remand to the trial court appellee's claim or demand for 5 per cent. on all delinquent taxes collected by him prior to the repeal of said act. That court will be governed by the opinion of the Supreme Court in its action on such claim.

The judgment of this court affirming the judgment of the trial court in so far as same awards appellee a recovery against appellant for the sum of $464.88 for preparing the delinquent tax list for the years 1921 and 1922, and rendering judgment against appellee on his claim for the sum of $233.80 for preparing the delinquent tax list for the years 1923 and 1924, is not disturbed and as to such provisions thereof appellee's motion for rehearing is in all things overruled.