## FIDELITY UNION CASUALTY CO. v. STATE.

### No. 1248.

Court of Civil Appeals of Texas. Waco.
Oct. 20, 1932.

Rehearing Denied Dec. 22, 1932.

Collins & Houston, of Dallas, for appellant.

James V. Allred and Thomas S. Christopher, both of Austin, and Cox & Brown, of Temple, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by Fidelity Union Casualty Company, a corporation, from a judgment against it in favor of the state of Texas on a contractor's bond upon which it was surety. The state entered into a contract with K. S. Hull, Jr., to improve a public highway in Bell county. By the terms thereof, said Hull agreed at his own proper cost and expense to make the stipulated improvement in accordance with his proposal and plans and specifications attached thereto, to begin the work on or before July 27, 1927, and to complete the same within sixty working days. The state, by the terms of said contract, agreed, in consideration of the full and true performance by said Hull of the work stipulated, to pay to him the prices set forth in said proposal in the manner provided in said specifications. Hull's proposal contained a stipulation that all material owned by the state on hand at the site of the improvement should be used by him in making the same, and that the price thereof should be deducted from the final estimate. The only reference in the attached proposal and specifications to the manner in which payments should be made to Hull was that the same should be upon a unit basis at the respective prices per unit stipulated in his proposal. To secure the performance of said contract, said Hull, as principal, with appellant, Fidelity Union Casualty Company, as surety, executed and delivered to the state a bond in the penal sum of $11,183.30, the total estimated cost of such improvement, conditioned that he should well and truly perform all the terms and conditions of said contract within the time therein mentioned, and pay all lawful claims for labor performed and material furnished in making such improvement. Neither said contract, said proposal, nor said plans and specifications contained any provision for partial payments on the contract price for making such improvement. The state, through its engineers, on July 25, 1927, issued its estimate No. 1, which showed that the total amount of work done to that date was $1,598.10. It retained $159.81, being 10 per cent. of said amount, and paid to Hull the sum of $1,438.-29, the remainder of the estimated value of the work done by him at that time. The state, through its engineers, on August 25, 1927, issued its estimate No. 2, which showed that the total amount of work done to that date was $5,801.70. It retained $580.17, being 10 per cent. of said amount, deducted $1,-438.29 previously paid to Hull, and paid to him the sum of $3,783.24, the remainder of said estimate. The state, through its engineers, on September 25, 1927, issued its estimate No. 3, which showed that the total amount of work done to that date was $11,-703.76. Said estimate further showed that previous payments to Hull amounted to $5,-221.53, that the state had furnished to him material of the value of $2,356.44, and that, after retaining $1,170.37, being 10 per cent. of the total amount of work done to that date and deducting previous payments and the value of material furnished, a balance of $2,-955.44 was due Hull. The state, however, retained only said sum of $1,170.37, deducted previous payments amounting to $5,221.53, and paid to him the remainder, $5,311.86, notwithstanding he then owed the state said sum of $2,356.44 for material furnished by it and used by him in the performance of his contract. The state thereafter, on the 19th day of October, 1927, through its engineers, issued what it termed a final estimate on said work. The several items of work performed, the contract price, and the amount due therefor to the contractor, were identical with like items in the estimate of September 25, 1927, with the exception of a single item listed as "additional force account as per statement attached, $220.42." The statement attached showed that said account accrued for extra labor furnished and performed by Hull and rendered necessary by excessive floods. All the same was furnished and performed after the estimate of September 25, 1927, had been issued and approved. There was no provision in the contract requiring the performance of such work. Said so-called final estimate showed that the state owed Hull $1,170.37, the aggregate amount theretofore retained by it on said three prior estimates, and said further sum of $220.42 for said extra work, or a total of $1,390.79. Hull then being still indebted to the state in said sum of $2,356.42 for the material furnished by it and used by him in performing his contract, no payment was made to him on said estimate. His indebtedness to the state exceeded the amount due him according to said estimate in the sum of $965.69. Apparently demand for repayment of said sum was made, and Hull wrote that he would be in a position to make such payment when his work was finally accepted. He never paid any part thereof, and was subsequently adjudged a bankrupt.

The state instituted suit against Hull as principal and appellant as surety on said bond to recover said balance of $965.69, with legal interest thereon. There was a trial to the court. No verbal testimony was introduced. The case was submitted wholly on the records of the highway department, aided by a single written stipulation. The pertinent fact contained therein was that the "Superintendent of Aid Projects" had issued his voucher to Hull for the full amount due upon the third estimate above referred to without deducting said amount of $2,356.44 due the state for material used by him, because said estimate was not a final one. The court found that Hull had been discharged in bankruptcy from liability for the debt sued for, and rendered judgment in his favor, but rendered judgment in favor of the state against appellant for the sum sued for, with legal interest from December 3, 1927, and all costs of suit.

### Opinion.

■■ Appellant presents assignments of error in which it assails the judgment rendered against it on the ground that the testimony showed conclusively that it was discharged from liability for the price of the material furnished by the state and used by Hull in performing his contract, because the state failed to retain in its hands out of the contract price sufficient funds to pay the same. The terms of the contract pertinent to this contention have been hereinbefore recited. The state had on hand, at the site of the improvement which Hull agreed to make, certain road-building material amounting in value to approximately one-fourth of the amount to be paid for the whole job when completed. Hull agreed that the state should retain the stipulated value of said material out of the consideration which it agreed to pay him for performing such contract. He further agreed to complete the work stipulated within sixty working days. No time for making payment for said work was specified. The contract merely provided that the consideration stipulated therein should be paid him for "the full and true performance of said work." Had successive estimates and partial payments thereon been contemplated, the contract should have contained a stipulation providing therefor. Acts 39th Leg. (1925) c. 186, § 13 (Vernon's Ann. Civil St. art. 6674m). When successive estimates and partial payments are authorized by the terms of the contract, it has been frequently held that a strict compliance with such terms is required and that a failure to comply therewith relieves the surety from liability. Williams v. Baldwin (Tex. Com. App.) 228 S. W. 554, 557, par. 3; Ætna Casualty & Surety Co. v. Russell (Tex. Com. App.) 24 S.W.(2d) 385, 387, 388, pars. 1 and 2; Ætna Casualty & Surety Co. v. Robertson Lumber Co. (Tex. Civ. App.) 3 S.W.(2d) 895, 898, par. 2, and authorities there cited; Park

Presbyterian Church v. Wm. Cameron & Co. (Tex. Civ. App.) 38 S.W.(2d) 901, 902, par. 3. There is no contention that appellant consented to the partial payments made to Hull nor that it is in any way estopped to urge the same as grounds for discharge from liability herein. Since the issuance of said estimates and the partial payments of the contract price made thereunder were voluntary on the part of the state, it remained its duty throughout to retain the price of the material so furnished by it out of the consideration promised for the performance of the contract. Apparently the work contemplated by the original contract was in fact completed when the state issued said third estimate and paid Hull thereunder more than twice the price of the material so furnished him. If so, the mere fact that its engineers did not make said estimate in the form of a final one nor call it such did not release it from its contractual obligation to retain the amount due for material out of the consideration promised Hull for the performance of his contract by deducting said amount from such estimate before the payment of the same. See authorities above cited, and also the following: Indemnity Insurance Company v. Bassett (Tex. Civ. App.) 299 S. W. 714, 716, par. 1 (writ refused); First National Bank v. Alexander et al. (Tex. Civ. App.) 4 S.W.(2d) 298, 301, par. 4; Hatch v. First State Bank (Tex. Civ. App.) 270 S. W. 1093, pars. 1 and 2; Security State Bank v. Dawson (Tex. Civ. App.) 261 S. W. 821, 823, par. 2; Lee v. First National Bank of Purdon (Tex. Civ. App.) 254 S. W. 394, 397, par. 7; Womack v. Davidson (Tex. Civ. App.) 242 S. W. 1107, 1108, par. 2; Kempner v. Patrick, 43 Tex. Civ. App. 216, 95 S. W. 51, 53; Kiam v. Cummings & Son, 13 Tex. Civ. App. 198, 36 S. W. 770; 27 Am. & Eng. Ency. of Law (2d Ed.) p. 516.

The judgment of the trial court is reversed, and judgment is here rendered that the state take nothing herein and that appellant recover its costs.

### On Motion for Rehearing.

The judgment of the trial court, in accordance with our original opinion, was reversed and judgment was rendered that appellee take nothing herein. Appellee has filed an earnest motion for rehearing, duly verified, in which it shows that the plans and specifications, which by the terms of the contract between the contractor, Hull, and appellee, were made a part thereof, contained the following provisions:

"9.10. *Partial Payments.* At the earliest possible date after the 1st day of each month, the engineer will make current estimate in writing of the materials in place complete and the amount of work performed during the preceding month or period and the value thereof at the unit prices contracted for, as shown in proposal and contract. * * *

From the total of the amounts so ascertained shall be deducted ten per cent. to be retained until after the completion of the entire work to the satisfaction of the engineer, and ninety per cent. of the amount so ascertained shall be paid to the contractor. * * *

"9.12a. The engineer shall, as soon as practicable after the completion of this contract, make a final estimate of the amount of work done thereunder and the value of such work, and the party of the first part shall at such time, within thirty days from and after the date of such estimate, as the State may elect, pay the entire sum so found to be due thereunder, after deducting therefrom all previous payments and all amounts to be kept and all amounts to be retained under the provisions of this contract."

 The parties hereto agreed that the statement of facts filed herein contained a full, true, and correct statement of the facts, and all the facts, adduced upon the trial of the cause, and the same was thereupon duly examined and approved by the trial judge. We are restricted, in determining whether the judgment of the trial court should be affirmed or reversed, to consideration of the facts embraced in said authenticated statement. We therefore conclude that our reversal of the judgment of the trial court must stand. It is, however, the rule that, when a judgment is reversed and it appears that the case has not been fully developed and that justice may be better subserved by remanding the cause, the court will do so, rather than render judgment. Texas Employers' Ins. Ass'n v. Herring (Tex. Com. App.) 280 S. W. 740, 741, and authorities there cited. It is proper to remand the cause in such cases to afford a party an opportunity to amend his pleadings or to supply additional testimony. Limestone County v. Robbins (Tex. Civ. App.) 42 S.W. (2d) 159, 160, par. 1, and authority there cited.

The fact that the contract introduced in evidence at the trial contained no provision for successive estimates or partial payments thereon was stressed in our original opinion in this case. We, however, called attention therein to the fact that a comparison of the third estimate issued to the contractor with the so-called final estimate issued to him indicated that the work embraced in the contract was fully completed at the time said third estimate was issued, and that the only additional item embraced in such final estimate was for extra labor furnished and performed after the actual completion of the work stipulated in the contract. Should the second excerpt above quoted from the contract between Hull and appellee be introduced in evidence upon another trial, and should it be found from the evidence before the court at that time that the work provided for in said contract was fully completed at and prior to the time the third estimate was issued, then said estimate should have been a final one and appellee was required by the express terms of such excerpt to deduct from the amount shown thereby "all previous payments and all amounts to be kept and all amounts to be retained under the provisions of this (said) contract." It could not arbitrarily issue and pay a partial estimate when it was required by the terms of the contract to issue a final estimate and make final settlement thereon. See authorities cited in original opinion, and especially the last group of such authorities.

The judgment of this court is so modified as to remand the cause to the district court for another trial.