John T. WEBB, Petitioner,

v.

FINGER CONTRACT SUPPLY COMPANY, Respondent.

No. B–1493.

Supreme Court of Texas.

Nov. 26, 1969.

Garrett & Nation, Fred D. Nation, Jr., Fort Worth, for petitioner.

Ellis F. Morris, Houston, for respondent.

POPE, Justice:

Finger Contract Supply Company sued John T. Webb upon his written guaranty that the obligations of a promissory note and the first lien chattel mortgage securing the note would be observed. The trial court rendered judgment for the defendant, Webb, because Finger, without the knowledge or consent of Webb, agreed to subordinate its first lien mortgage to the lien of another creditor. The court of civil appeals reversed the judgment and rendered judgment for Finger for the amount of the unpaid balance of the note,

together with interest and attorney fees. 438 S.W.2d 112. We reverse the judgment of the court of civil appeals and affirm that of the trial court.

Viking Motor Hotel of Portland, Inc. purchased the furniture for its hotel from Finger and on July 3, 1962, executed its note payable to Finger for the principal sum of $81,262.00. The note showed that it was secured by a chattel mortgage. The mortgage was a first lien upon the furniture. Defendant, Webb, signed the note as endorser and also executed a separate agreement by which he guaranteed "the full performance and observance of all the payments, conditions and agreements set forth in said chattel mortgage." The guaranty agreement is set forth in full in the opinion of the court of civil appeals.

Flynn Investment Company, another Viking creditor, held a first lien upon all of Viking's real estate. On February 8, 1963, Finger executed an agreement with Flynn by which Finger subordinated its first lien upon the furniture to the Flynn Investment lien. This subordination agreement was given without Webb's knowledge. Viking reduced the principal of its note to Finger to the sum of $54,168.00 and then defaulted on its obligations to Finger and Flynn. Flynn then foreclosed upon both Viking's real estate and all of the furniture. Thereafter Finger instituted this suit against Webb for the unpaid balance of the note.

Webb's defense was that he was discharged by Finger's surrender of the security. He relies upon the rule that "The prejudice to the surety by impairment of his subrogation rights * * * discharges the surety to the extent of the value of the security surrendered." 10 Williston on Contracts, § 1232 (3rd ed. 1967). Old Colony Ins. Co. v. City of Quitman, 163 Tex. 144, 352 S.W.2d 452, 455 (1961); Scott v. Llano County Bank, 99 Tex. 221, 89 S.W. 749 (1905); Harrison Machine Works v. Templeton, 82 Tex. 443, 18 S.W. 601 (1891); 38 Am.Jur.2d, Guaranty, § 81; 10

**908**

C.J.S. Bills and Notes § 476c. This same rule applies to guarantors. Darnell v. Donan, 63 Tex.Civ.App. 386, 132 S.W. 857 (1910, no writ); 38 Am.Jur.2d, Guaranty, § 84; 27 Tex.Jur.2d, Guaranty, § 49.

The court of civil appeals recognized the rule stated above as does Finger, but said that Webb, by a provision in the guaranty agreement, had authorized Finger's subordination of the first lien. Finger did not contend in the courts below that the value of the security was less than the balance due on the note. The provision of the guaranty upon which Finger relies is:

> " * * * We further covenant and agree that this guaranty shall remain and continue in force and effect as to any renewal, modification or extension of said chattel mortgage whether or not we shall receive any notice of or consent to the same * * *."

The term "modification" has been defined as "A change; an alteration which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." Black, Law Dictionary (4th ed. 1951). It has been said that "The power to modify anything does not imply a power to substitute a thing entirely different, and it does not confer the power to destroy." 58 C.J.S. Modify p. 840. Van Deusen v. Ruth, 343 Mo. 1096, 125 S.W.2d 1 (1938); Cassedy v. Connecticut General Life Ins. Co., 56 Misc.2d 970, 290 N.Y.S.2d 837, 840 (1968); Smith v. Ray, 83 Ohio App. 61, 72 N.E.2d 921, 927 (1947).

In our opinion Finger, in subordinating the security which protected Webb's right to subrogation, diverted the whole security and destroyed the nature of the obligation which Webb guaranteed. Finger's subordination of the security was more than a mere modification of the guaranty agreement.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.