HOLMAN BROS. v. CUSENBARY et al.*
(No. 7267.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1925. Rehearing Denied Feb. 11, 1925.)

1. Limitation of actions ⟨⟩127.(4)—Cause of action in trial amendment not barred, where setting up contract similar to that in original petition.

Cause of action in trial amendment in action on contract was not barred by limitations, where contract alleged in amended original petition and that alleged in trial amendment were practically the same.

2. Pleading ⟨⟩252(2)—Trial amendment does not set aside former pleadings.

A trial amendment does not set aside former pleadings.

3. Limitation of actions ⟨⟩180(1)—Inconsistency between former pleadings and trial amendment should be reached by exception.

Inconsistency between former pleadings and trial amendment should be reached by exception.

Appeal from District Court, Sutton County; C. R. Sutton, Judge.

Suit by Holman Bros. against Annie E. Cusenbary and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Wardlaw & Elliott, of Sonora, and Grady Lowrey, of Fort Worth, for appellants.

W. A. Anderson and Upton & Upton, all of San Angelo, for appellees.

FLY, C. J. Appellants, a copartnership, instituted this suit against Mrs. Annie E. Cusenbary, W. R. Cusenbary, Ben Cusenbary, and Hattie B. Cusenbary, to recover $1,000 advanced as a payment for certain sheep, and for $2,375 damages, arising from a failure of appellees to deliver the sheep according to the terms of a parol contract entered into between the appellants and appellees. A jury heard the evidence, and then the court gave a peremptory instruction to the jury to return a verdict for appellees, which was done, and judgment rendered accordingly.

[1-3] The first amended petition in this case was filed on February 27, 1920, and a trial amendment was filed on May 7, 1924. The trial amendment did not set up a new cause of action, but was merely an amplification of the original cause of action. Appellants sought to recover $1,000 which they had paid appellees, and for which they had received nothing. They sought to recover this money as well as damages for the breach of the contract. The contract alleged in the first amended original petition and that alleged in the trial amendment were practically the same. The cause of action was not changed, and the statute of limitation did not begin to run.. The trial amendment could not and did not set aside the first amended petition. No such effect is given to a trial amendment, but, if there be an inconsistency and antagonism between the former pleadings and the trial amendment, it should be reached by exception. The facts showed a case which should have been submitted to a jury.

The judgment is reversed and the cause remanded.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 1, 1925.