## T. P. MOOR & CO. v. AMERICAN INDEMNITY CO. et al. (No. 8755.)

(Court of Civil Appeals of Texas. Galveston. Jan. 21, 1926.)

Venue ⚖══22(3)—Where plaintiff failed to show liability by any resident defendant or unperformed obligation in county of venue of nonresident defendants, change of venue held proper.

Where no liability was alleged against resident defendant, and the others had no written obligation to perform in county of venue, plea of privilege of trial in county of domicile *held* good, burden being on plaintiff to show cause of action against resident defendant.

Appeal from District Court, Chambers County; J. M. Combs, Judge.

Action by T. P. Moor & Co. against the American Indemnity Company and others. From an order sustaining a plea of privilege and transferring the cause, plaintiff appeals. Affirmed.

J. R. Hill and P. Harvey, both of Houston, for appellant.

John L. Darrouzet, of Galveston, for appellees.

GRAVES, J. Appellants appeal from an order of the district court of Chambers county, sustaining the pleas of privilege of the appellees American Indemnity Company, John Young, and Chas. T. Suderman, all residents of Galveston county, and transferring the cause as to them to the latter county for trial. Chambers county and the members of the firm of Turrichi and Remkes, citizens of Liberty county, had also been made parties to the suit, and venue was claimed to be in the trial court as the result of a contract the firm of Turrichi and Remkes made with Chambers county to improve certain roads in that county; appellants being citizens there, and claiming that the contractors owed them for certain merchandise and sums of money furnished them and for certain laborer's duebills, or time checks, issued by the contractors, which they had take up, all of such amounts being claimed to have been used upon the road work.

It appears, however, that the contract of Turrichi and Remkes to improve the roads, after certain work had been done thereunder, had been assigned to the appellees Suderman and Young, and had been completed by them; neither the individual members nor the firm of Turrichi and Remkes, so far as the record shows, appear to have answered in the suit, and, while the contract with the county for the road work with them, and the bond given by the indemnity company, pledging that firm to a faithful performance of the contract, and also the transfer and assignment of all their rights under the contract from Turrichi and Remkes to Suderman and Young, were in evidence, none of these instruments evidences any contract in writing on the part of either the indemnity company or Suderman and Young to perform any obligation thereunder in Chambers county.

Under this situation, the venue of the suit in Chambers county against the appellees depends upon whether or not the codefendant Chambers county, which of course had its domicile in that county, was such a proper party defendant with them as gave the court of that county the right to hold them there in spite of their pleas of privilege. As to this, an inspection of the record discloses that no cause of action was even alleged against Chambers county, much less proved, as there is no evidence whatever tending to in any way establish any claim in favor of the appellees against the county. This being true, the appellees could not be held to answer in that county, simply because the county had been made a party defendant along with them. It has been uniformly held by our appellate courts that, where suit is brought against two or more defendants, one of whom is a resident of the county where the venue is laid, the burden is on the plaintiff to show a cause of action against the resident defendant. Dallas R. Co. v. Kimberly et al. (Tex. Civ. App.) 268 S. W. 1054.

It follows that the judgment of the trial court, sustaining the pleas of privilege and transferring the cause to Galveston county, the residence of the appellees, should be affirmed. That order will be entered.

Affirmed.