VAN ZANDT v. DESDEMONA INDEPEND-
ENT SCHOOL DIST.

WEAKLEY–WATSON–MILLER    HARD-
WARE CO. v. SAME.

(Nos. 118, 119.)

(Court of Civil Appeals of Texas.    Eastland.
March 5, 1926.    Rehearing Denied
April 9, 1926.)

1. Schools and school districts �köð81(2)—The
one-year statute of limitations is applicable
to materialmen's cause of action against sure-
ty on bond of contractor for schoolhouse
(Vernon's Sayles' Ann. Civ. St. 1914, arts.
6394f, 6394h).

Surety of contractor for schoolhouse for
school district is liable to materialmen by vir-
tue of Vernon's Sayles' Ann. Civ. St. 1914, art.
6394f, requiring contractor's bond to district
to protect them, so that their cause of action is
based on the statute and not at common law
by virtue of the bond, and therefore the one-
year limitation prescribed by article 6394h is
applicable.

2. Estoppel ⊗ⁿ110.

As general rule that waiver of right may
be asserted, it must be pleaded.

3. Appeal and error ⊗ⁿ499(1)—For review of
application of statute of limitations, record
must show question of waiver of statute of
limitations was presented below.

While facts relied on as waiver of limita-
tions by party pleading the statute appearing
from his previous pleading need not be specially
pleaded by the adversary, the record must show
that the question of waiver was presented to the
trial court that its action in applying the statute
may be reviewed on that ground.

4. Estoppel ⊗ⁿ119.

Ordinarily waiver is a question of fact to be
decided by the trial court.

Appeal from District Court, Eastland
County; E. A. Hill, Judge.

Suit by the Southern Surety Company
against the Desdemona Independent School
District, in which John H. Van Zandt and
the Weakley-Watson-Miller Hardware Com-
pany intervened, and from adverse judgments
separately appeal.    Affirmed.

Scott W. Key, of Eastland, for appellants.
Funderburk & Richardson, of Eastland,
for appellee.

PANNILL, C. J.    The questions arising in
the appeals of both the above-styled cases,
are the same, and the issues have been fully
stated in the case of Edwards Manufactur-
ing Company v. Southern Surety Company,
283 S. W. 624, this day decided.

In these cases the Southern Surety Com-
pany pleaded the one-year statute of limita-
tion.    Appellants seek to avoid the bar of the
one-year statute of limitation prescribed by
article 6394h on two grounds:  The first is

that their suit is not by virtue of the statute,
but is a suit on the common-law action aris-
ing from provisions of the bond, and that,
therefore, their cause of action is based on
the common law and not on the statute and
that the statute of limitation prescribed by
the Legislature applicable to common-law
actions applies here.    The second is that the
statute referred to is a statute of limitation,
and that the surety company waived it by
impleading appellants and asking that they
be required to assert their claims and pray-
ing for judgment against the bank and the
school district for the amount shown to be
due appellants.

[1] The first contention is answered by the
decisions in the case of Trinity Portland Ce-
ment Co. v. Lion Bonding & Surety Co. (Tex.
Com. App.) 229 S. W. 483;  Southern Surety
Co. v. Klein (Tex. Civ. App.) 278 S. W. page
527;  Foust v. Bibb et al. (Tex. Civ. App.)
258 S. W. 921.    In the first case referred to,
the Commission of Appeals held that, where
a contractor's bond did not contain the obli-
gation requiring payment for labor and ma-
terial purchased by the contractor erecting
the building, the surety on the bond of such
contractor was nevertheless bound by virtue
of the statute referred to to pay such labor-
ers and materialmen, as the statutory pro-
vision to that effect would be read into the
bond.    In the case of Southern Surety Com-
pany v. Klein, it was held that such provi-
sions were part of the bond and would be
read into it, even though the contractor and
the municipality had expressly agreed to
omit from the bond provisions for payment
of such labor and material.    If the laborer
or materialmen may recover on such a bond
without regard to its provisions, it follows
that the cause of action is based upon the
statute and not upon the provisions of the
bond.    The case of Mosher Mfg. Co. v. Equi-
table Surety Co. (Tex. Com. App.) 229 S. W.
318, relied on by appellants, does not appear
to in anywise conflict with the holding of
the Supreme Court referred to above.    In
that case, before the statute referred to was
enacted, it was decided that an obligation,
voluntarily placed in the bond by the parties
for the payment of laborers and material-
men, was valid.    The reason assigned was
that the municipality had the power to con-
tract for the construction of public buildings
and the implied authority to bind the con-
tractor to pay materialmen and laborers, but
now the Supreme Court holds that the sure-
ties of the contractor are liable by virtue of
the statute;  therefore, it would follow that
the cause of action is statutory and the limi-
tation prescribed in article 6394h is appli-
cable.

[2, 3] In the trial court, neither of the ap-
pellants by any pleading presented the ques-
tion of waiver asserted here.    There is noth-

ing in the transcript to show that any such question was ever presented to the trial court. It is the general rule that, where waiver of a right is asserted, it must be pleaded. Scarbrough v. Alcorn, 12 S. W. 72, 74 Tex. 358; Texas Produce Co. v. Turner (Tex. Sup.) 27 S. W. 383. And while it is not necessary to specially plead facts which are disclosed by the pleadings of the opposite party, yet, in order for a Court of Civil Appeals to decide a question which is not fundamental, the record must show that the question was raised and passed upon by the trial judge. The pleading of the surety company limited the recovery sought to the valid and enforceable claims of those made defendants and the prayer for judgment must be read in the light of these allegations. Under the state of the record shown, it is not believed that the trial court's action in applying the statute can be reviewed, in the absence of some showing that such application was objected to in the trial court. Travelers' Insurance Co. of Hartford, Conn., v. Scott et al. (Tex. Civ. App.) 218 S. W. 53; Holman Bros. v. Cusenbary (Tex. Civ. App.) 268 S. W. 1064.

[4] Besides, waiver is ordinarily a question of fact to be decided by the trial court, and we would not be authorized to say from the record as a matter of law that the surety company waived the statute.

Let the judgments of the trial court be affirmed.