## EDWARDS MFG. CO. v. SOUTHERN SURETY CO. (No. 117.)

(Court of Civil Appeals of Texas. Eastland. March 5, 1926.)

**1. Limitation of actions ⬤═1.**

Rule that statute creating right and prescribing time within which it may be asserted is not one of limitations does not obtain in Texas.

**2. Statutes ⬤═226—Statute is not presumed adopted with construction which is contrary to policy of adopting state.**

Rule that statute adopted from other jurisdiction is presumed adopted with construction it had there received does not obtain, when such construction is contrary to spirit and policy of adopting state's jurisprudence.

**3. Schools and school districts ⬤═81 (2)—Statute prescribing time for exercise of right of action given materialmen on bond of contractor for building schoolhouse is one of limitations, to be pleaded (Vernon's Sayles' Ann. Civ. St. 1914, arts. 6394f–6394h).**

The part of Vernon's Sayles' Ann. Civ. St. 1914, arts. 6394f–6394h, which prescribes time in which must be exercised the right of action given materialmen on bond of a contractor for building schoolhouse for school district is one of limitations, to be pleaded; it not being presumed to have been adopted with its prior construction, at variance with settled policy of Texas, as announced in several decisions.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by the Southern Surety Company, in which the Edwards Manufacturing Company intervened. From an adverse judgment, intervener appeals. Reversed and rendered.

Scott W. Key, of Eastland, for appellant.
Funderburk & Richardson, of Eastland, for appellee.

PANNILL, C. J. The above case and the case of Van Zandt v. Desdemona Independent School District and Weakley-Watson-Miller Hardware Co. v. Desdemona Independent School District (Tex. Civ. App.) 283 S. W. 626, all grow out of the same transaction, and the issues involved in the three appeals are the same, with one exception, hereinafter stated. It will therefore conserve time and space to state in this opinion the facts which are considered controlling in disposing of all three of the appeals.

The Desdemona Independent School District contracted with one McCammon for the erection and equipping of a high school building for said district. A bond for the performance of the contract was furnished by the Southern Surety Company. This bond provided as required by article 6394f, Vernon's Sayles' Civil Statutes, that such contractor shall make payments to all persons supplying him with labor and materials in the prosecution of work. To indemnify the surety, the contractor assigned to it the funds due and to become due to him under such contract. Thereafter, while engaged in the construction of the building, McCammon borrowed certain sums from the Continental State Bank of Gorman and assigned to said bank for its security all sums due and to become due from the school district to him. McCammon completed the school building, and on December 22, 1922, a final settlement of accounts was had between the contractor and the school district. On May 21st, thereafter, the appellee surety company brought this suit, setting up the facts hereinbefore stated, and alleging that certain persons, including the three appellants hereinbefore named, were asserting claims for material furnished in the erection of said school building, and that its assignment of the funds paid by the school district to said bank was superior to the assignment held by the bank, and asking that the various claimants for material furnished be cited, and that the valid and enforceable claims held by such claimants be allowed and judgment rendered therefor, and that the said surety company have judgment over and against the bank and the school district for the amounts paid to the bank to the extent of the valid and enforceable claims established against the appellee herein.

The appellant herein filed its answer and plea of intervention more than a year after the final settlement and adjudgment of said contract between the school district and the contractor, setting up its claim for material furnished the contractor.

The appellee surety company filed a supplemental petition in which it set up the failure of the other appellants named hereinabove to present their claims in said suit within the statutory period of one year, but did not

plead limitation against the claim of appellant Edwards Manufacturing Company.

Upon a trial before the court, judgment was in favor of the surety company from which the three appellants above named have prosecuted an appeal.

The findings of the court established the claim of the Edwards Manufacturing Company and denied it a recovery solely on the ground that its claim was barred by article 6394h, Vernon's Sayles' Civil Statutes, which authorizes a suit by any of the creditors on the bond of the contractor within one year after the performance and final settlement of said contract.

Our statute (articles 6394f to 6394h, inclusive) appears to have been adopted from the acts of Congress as shown in section 6923, U. S. Compiled Statutes, and which has been construed by the Circuit Courts of Appeal to create a new right not available at common law, and that the plaintiff, in order to recover for the right given by such statute, must bring his case clearly within its terms. Baker Contract Co. v. U. S., 204 F. 390, 122 C. C. A. 560. In that case it was held that the provision requiring the materialman's action to be brought within one year was not a limitation of the remedy, but was a condition of the right to sue, and hence the failure to comply therewith could be availed of as a defense, though not specially pleaded.

It is further sought to apply the general rule that, when a statute is borrowed from another jurisdiction, it is presumed to have been adopted with the interpretation and construction in force in the jurisdiction from which it is adopted. We will briefly notice these contentions in the order stated.

[1] The first contention, that a statute creating a right and prescribing a time within which the right may be asserted is not a statute of limitation, does not obtain in this state. De Harn v. Railway Co., 23 S. W. 381, 86 Tex. 68; Chapman v. Mooney (Tex. Civ. App.) 257 S. W. 1109; Chapman v. Tyler County (Tex. Civ. App.) 259 S. W. 303; State Board v. Pilcher (Tex. Com. App.) 270 S. W. 1005. It is not the rule in many other jurisdictions. Sharrow v. Inland Lines, 108 N. E. 217, 214 N. Y. 101, L. R. A. 1915E, 1192, note Ann. Cas. 1916D, p. 1236.

In the cases cited above, the statute creating a cause of action for injuries resulting in death, and limiting the time within which to sue, was held to be a statute of limitation, although the cause of action was created by the Legislature and did not exist at common

283 S.W.—40

law. In the other cases referred to the Supreme Court held that the statute prescribing the time within which to present claims against the guaranty fund was a statute of limitation, and must be pleaded, although, of course, such a right was unheard of at common law.

Subject to the limitation set forth in Erp v. Tillman, 131 S. W. 1057, 103 Tex. 575, all statutes prescribing a time in which suit may be brought have, so far as our investigation discloses, been treated in this state as statutes of limitation.

[2] The other contention, that the construction given by the federal court to this statute must be adopted by the courts of this state, presents a question of more difficulty, but the rule which presumes the Legislature borrowing a statute adopts also the construction which it had received, is not without qualification and limitation. If it appears that the construction adopted in the jurisdiction, from which the statute is taken is contrary to the spirit and policy of the jurisprudence of this state, such construction will not be applied. 25 R. C. L. 1073, 1074. There are many cases in which application of the rule under consideration has been refused.

In Paragon Oil Syndicate v. Rhoades, Drilling Co., 277 S. W. 1036, the Commission of Appeals, in an opinion adopted by the Supreme Court, refused to apply this rule to a statute almost identical with the statute of another state, and adopted a rule of construction directly the opposite of that applied in the state from which the statute was evidently borrowed.

[3] When it is considered that, prior to the time this statute was enacted, our Supreme Court had held in the cases cited that statutes prescribing the time in which to bring suit to enforce a new right created by the Legislature were statutes of limitation, and that the Legislature presumably had knowledge of such decisions, it is not to be presumed that the lawmakers intended to adopt a construction of this statute at variance with the settled policy of our jurisdiction.

It is therefore concluded that the statute is one of limitation, and in order to be available must be pleaded.

It follows that the judgment of the trial court should be reversed and here rendered for appellant for the amount of its demand, which was established by the conclusions of fact of the trial court, and it is so ordered.

LITTLER, J., absent.