## CUSENBARY et al. v. HOLMAN BROS. †   (No. 7619.)

(Court of Civil Appeals of Texas.   San Antonio. Nov. 6, 1926.   Rehearing Denied Dec. 4, 1926.)

**1. Limitation of actions ⬉123—Amended petition, praying in alternative return of amount prayed for in prior petitions, asserted no new cause of action barred by limitation, though preceding counts contained inconsistent allegations.**

Where all petitions alleged payment on purchase price and failure of sale, and sought return of amount, amended petition praying return thereof in alternative set up no new cause of action barred by limitation, though preceding counts contained inconsistent and repugnant allegations.

**2. Appeal and error ⬉1039(4)—Defendants were not injured by inconsistent allegations of amended petition, supported by evidence, praying return of amount claimed in prior petitions.**

Where amended petition, praying return of purchase money in alternative, was supported by evidence, and judgment was properly rendered thereon, defendants were not injured by allegations in preceding counts, inconsistent with those of prior petitions, for return of such amount or by failure to strike them from pleading.

On Motion for Rehearing.

**3. Appeal and error ⬉842(2)—Trial court's conclusions on abandoned pleadings set out in findings are not binding.**

Trial court's conclusions on abandoned pleadings, set out in his findings, involve questions of law arising from construction of pleadings and are not binding on appellate court.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused January 26, 1927.          † Writ of error dismissed for want of jurisdiction February 2, 1927.

Appeal from District Court, Sutton County; C. R. Sutton, Judge.

Action by Holman Bros. against Annie E. Cusenbary and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. A. Anderson and Upton & Upton, all of San Angelo, for appellants.

Wardlaw & Elliott, of Sonora, for appellees.

SMITH, J. This controversy arose out of the failure of an agreement by which appellees Holman undertook to purchase 950 sheep from appellants Cusenbary, in Sutton county, in the year 1919. The deal failed because the sheep were infected with "scab," or "scabies," at the time delivery was to be made. When the verbal agreement of purchase and sale was made, the Holmans gave their check for $1,000 to the Cusenbarys, who subsequently cashed the check and retained the proceeds, notwithstanding the sale was not consummated and was afterwards abandoned. The Holmans brought suit in 1920, seeking recovery upon several different counts, not all of which were alternative, but in all of which they alleged an agreement to buy and sell, the payment of $1,000 in advance, and the failure of the agreement. They sought upon some theories to recover damages to be measured by the difference between the agreed price and the market value of the sheep, and upon other theories to recover the return of the advance payment of $1,000. The case has been once before tried and appealed.

In the former trial, the court below directed a jury verdict for the Holmans, but the judgment resulting therefrom was reversed and remanded by this court upon the ground that the record made it a jury case. 268 S. W. 1064. The second trial was by the court without a jury, and there was judgment for the Holmans, awarding them a recovery of $1,000 which they had paid in advance towards the purchase of the sheep. The Cusenbarys have appealed.

The appeal is predicated upon two contentions, first, that the petition of the plaintiffs below was multifarious and set up several causes of action, which were repugnant to each other and inconsistent, leaving the defendants in the dark as to the character of relief sought by plaintiffs; and, second, that in the amended petition upon which the cause was tried plaintiffs alleged and recovered upon a cause of action not set up in pri-

or petitions, and that such cause of action was barred by limitation. We conclude that both contentions must be overruled and the judgment affirmed.

[1, 2] It is true that the petitions were loosely drawn, and the allegations were, in some aspects, inconsistent. But in all of them the plaintiffs alleged the payment of $1,000 towards the purchase price, and the failure of the sale, and sought a return of the unearned $1,000, wherefore no new cause of action has been asserted; and in the petition upon which the cause was tried they prayed, in the alternative, for a return of the $1,000. If the petition contained inconsistent and repugnant allegations in all the preceding counts, but closed with sufficient alternative allegations and prayer, the objectionable pleadings could be stricken and disregarded without affecting the sufficiency of the alternative pleading. The latter was supported by evidence, judgment was properly rendered thereon, and therefore the defendants were not injured by the inconsistent aspects of the petition or the failure to strike them from the pleading.

For these reasons, we overrule all of appellants' propositions and affirm the judgment.

### On Motion for Rehearing.

[3] Appellants complain because the findings of this court as to the effect of the allegations in abandoned pleadings of the plaintiff below are in conflict with the findings thereon by the trial court. The abandoned pleadings upon which the trial court based its findings were set out in those findings, and are therefore as obvious to this court as to the trial court. That being true, the conclusions of the trial court thereon are not binding upon this court, as they would be upon disputed questions of fact. Those conclusions involve questions of law arising from construction of pleadings which are before this court, as they were before the trial court, and they will be construed by this court without reference to the construction of the court below. Upon this theory we held, and now reaffirm, that in their previous pleadings appellees set up facts out of which their final claim arose; and, although the theory of final recovery and the measure of damages may have been shifted by subsequent pleadings, the cause of action, as contemplated by the statute of limitations, has never been changed.

Appellants' motion for rehearing will be overruled.