## UNITED STATES FIDELITY & GUARANTY CO. v. CICERO SMITH LUMBER CO.
## (No. 2748.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 12, 1927.)

**1. Schools and school districts ⚫⟿81 (2)—Surety on school contractor's bond held not released as to materialman because school trustees failed to retain required percentage of contract price until completion of building.**

Where contractor's bond for construction of public school building recited that it was for use of furnishers of material, and that such persons could sue thereon, though not specifically named therein, surety was not released from obligation as to materialman because school trustees failed to retain 20 per cent. of contract price until completion of building, as required by contract, where materialman did not know of such violation.

**2. Schools and school districts ⚫⟿81 (2)—Under contractor's bond providing that alterations in contract should not release principal or sureties, sureties were estopped to claim release on such ground.**

Where bond of contractor for construction of school provided that any alterations by agreement between contractor and owner in terms of contract should not release principal or sureties, sureties were estopped to claim release as respects materialman because school trustees failed to retain required percentage of contract price until completion of building.

**3. Appeal and error ⚫⟿301—Objections to sufficiency of evidence to support verdict, not raised in motion for new trial, are waived.**

Objections relating to sufficiency of evidence to support verdict of jury must be raised in motion for new trial in lower court, or they are waived.

**4. Schools and schools districts ⚫⟿81 (2)—Evidence held to sustain finding that materials furnished were used in construction of school, precluding release of sureties on contractor's bond (Rev. St. 1925, art. 3736).**

In action against school construction contractor and sureties on his bond, evidence held to sustain jury's finding that materials set out in verified itemized account, under Rev. St. 1925, § 3736, were used by contractors in constructing building as against claim that sureties were re-

leased because material was not used under contract.

**5. Estoppel ⚫⟿78(1)—Defendants signing contract as contractors held estopped to assert they were sureties not liable over to corporate surety on contractor's bond.**

Where contract for construction of school was signed by defendants as contractors, corporate surety on contractor's bond was entitled to rely thereon, and defendants were estopped to deny their liability over as principals to surety, compelled to pay for materials used.

**6. Appeal and error ⚫⟿930(3)—In absence of evidence disproving allegation that defendants signing contract as contractors were estopped to claim they were sureties, there could be no presumed finding denying effect of plea.**

In absence of evidence in record tending to disprove corporate surety's claim that certain defendants signing contract as contractors were estopped to claim they were merely sureties, and therefore not liable over to corporate surety, their can be no presumed finding by court which would deny effect of corporate surety's plea of estoppel.

**7. Limitation of actions ⚫⟿119(5)—Materialmen's causes of action on school contractor's bond held not barred, where they filed intervening petitions within year of publication of notice of another materialman's action.**

Causes of action of furnishers of labor and material for construction of schoolhouse held not barred by limitation because they failed to file petitions in intervention in materialman's action against contractors and sureties on contractor's bond within year after completion of building, where they filed petitions within year of publication of notice of such suit.

**8. Limitation of actions ⚫⟿182(2)—Limitation statute must be pleaded to be available.**

One-year statute of limitations is not available as defense against action by furnishers of materials and labor to contractor for construction of schoolhouse, unless pleaded.

Error from District Court, Lubbock County; Clark M. Mullican, Judge.

Action by the Cicero Smith Lumber Company against the United States Fidelity & Guaranty Company and others, in which J. R. Hale and others intervened. Judgment against defendants, and named defendant brings error. Reformed and affirmed.

L. A. Howard, of Lubbock, for plaintiff in error.

Bean & Klett and Robt. H. Bean, all of Lubbock, for defendant in error Cicero Smith Lumber Co.

HALL, C. J. The Cicero Smith Lumber Company instituted this action against R. L. Pendergrass, J. C. Garrett, H. H. Vaught, and W. E. Vaught, as principals, and the appellant company, as surety, on a certain contractor's bond given to guarantee the erec-

---

⚫⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion of a school building for the New Hope common school district No. 20, in Lubbock county, Tex. The school district was also made a party defendant.

The substance of the allegations is that the appellee lumber company had furnished to the contractors certain materials, shown by the petition, which were used in constructing the school building, and that there was an unpaid balance due plaintiff on the account for materials in the sum of $1,370.60, with interest from April 1, 1924. The prayer was for judgment against the school district for any sums then remaining in the building fund of said district; that plaintiff have judgment against the appellant surety company, as surety on the bond, and the other defendants, as principals.

It appears that J. R. Hale, J. E. and J. L. Murfee, and B. Quinn intervened, claiming certain amounts due them for material furnished and labor performed in the erection of said school building. They also prayed for judgment against the appellant surety company as surety on the bond and against the other defendants as principals.

The appellant answered, alleging, in substance, that it had been released from any liability on said bond, first, because 20 per cent. of the contract price had not been retained by the school board until the building was completed, which violated the terms of the contract; and, second, on account of the fraud of H. H. and W. E. Vaught and the said lumber company in the execution of the contract. The prayer is that it be released from liability, and in the alternative that it have judgment over against Garrett, Pendergrass, W. E. and H. H. Vaught, for any judgment which the plaintiff might recover against it.

During the trial it was developed that Pendergrass had abandoned the work without the knowledge and consent of the appellant, and that a large part of the material furnished by the lumber company was so furnished after the abandonment. By leave of the court, appellant filed a trial amendment, setting up these facts. The defendant Garrett had not been served with citation, and did not appear, and was dismissed from the case.

The case was tried to a jury and submitted upon special issues. The substance of the findings is as follows: (1) There is an unpaid balance of $1,370.60 due the Cicero Smith Lumber Company on April 1, 1924, for material furnished in the construction of the school building in controversy. (2) The payment by the school trustees of more than 80 per cent. of the contract price was done without the knowledge and consent of the Cicero Smith Lumber Company. (3) The Cicero Smith Lumber Company had no knowledge of the abandonment by Pendergrass of the contract, nor did it consent to such abandonment. (4) The Cicero Smith Lumber Company did not by its representations induce the defendants Vaught & Vaught to sign the contract and bond under the belief that they were signing as sureties and not as contractors.

Based upon this verdict, the court rendered judgment in favor of the lumber company against the common school district for $412, which was agreed by all parties to be the balance then in the hands of the district. Judgment was also rendered against Pendergrass, as principal, and W. E. and H. H. Vaught. and the appellant,· as sureties, for the full amount claimed in the petition. It was further decreed that the interveners recover the amounts prayed for respectively, and the appellant was denied a recovery against the Vaughts.

[1, 2] The first proposition urged in the brief is that sureties upon a contractor's bond for the construction of a public school building are discharged where the trustees of the district fail to retain 20 per cent. of the contract price until after the building was completed, as required by the contract. We overrule this contention, for the reason that the bond recites that it was made for the use of all persons who might furnish material under the contract, and further provides that any one furnishing material could sue upon the bond, though not specifically named as an obligee therein. In answer to special issue No. 2, the jury found that the payment of more than 80 per cent. of the contract price had been made by the school trustees without the knowledge and consent of the lumber company. While such excess payment by the trustees would have released the sureties from all liability to .the owners of the building, the rule is otherwise as to parties furnishing material to be used in the building. The rule is that, where the obligation names materialmen and laborers as obligees, the sureties are not discharged from liability to them by reason of the owner having made payments in violation of the bond, unless such obligees knew of such violation at the time they furnished the material. Williams v. Baldwin (Tex. Com. App.) 228 S. W. 557; Thompson v. Kleinman (Tex. Civ. App.) 259 S. W. 597; Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197. This proposition is without merit, for the further reason that the bond provides that any alterations made by agreement between the contractor and the owner in the terms of the contract, or of any of the stipulations therein contained, should in no wise release the principal or the sureties. Having agreed in advance that alterations and changes might be made, the sureties are estopped from claiming release upon that ground.

[3, 4] It is next insisted that the appellant was released because the evidence failed to show that the material set out in the itemized account was used in the construction of the said school building. The finding of the jury

is that the debt sued for was for material furnished and used in the construction of the building. The issue was properly submitted, was not objected to, and appellant is in no position to attack the finding because of the insufficiency of the evidence to support it. It is true appellant requested a peremptory instruction, but the action of the court in refusing to direct a verdict in its favor has not been assigned as error, nor is it suggested or urged as fundamental error in the brief. Since consideration of that point would require us to review the entire statement of facts (which we are not required to do), we could, at our discretion, disregard this assignment. Questions relating to the sufficiency of the evidence to support the verdict must be raised in a motion for new trial in the court below, or they are held to be waived. Phillips Petroleum Co. v. Booles (Tex. Com. App.) 276 S. W. 667; Egan v. Lockney Farmers' Co-Op. Co. (Tex. Com. App.) 284 S. W. 937; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85. Notwithstanding this rule, we have considered the assignment, and are convinced that the evidence is sufficient to show that the materials involved in the suit were used by the contractors in constructing the building, and that the testimony fully supports the jury's finding. The account sued on was made out against the contractors and school trustees, and was properly verified under R. S. art. 3736. Only one of the defendants, Pendergrass, controverted by sworn plea the correctness of the account. As against the other defendants, it was sufficient, in the absence of a sworn denial, to prove that the material had been furnished and used in the construction of the building. In addition to this, May, the manager for the lumber company, testified that the materials were used in the construction of the school building; that he had talked the matter over with Garrett, Pendergrass, and Vaught, and they said they would pay it as soon as they could. He said he went over the account with them after the materials were furnished and used on the job, and that the materials set out in the account corresponded with the bill which he and Garrett, one of the contractors, had figured as being necessary to complete the building according to the plans and specifications. Pendergrass, another one of the contractors, testified that Garrett bought practically all of the material and all of the lumber from the Cicero Smith Lumber Company, and there were no items on the list handed him that did not go on the job, except a few items such as hay and wire. We think this testimony is sufficient to support the findings.

[5, 6] The appellant complains of the action of the court in refusing to give it a judgment over against W. E. and H. H. Vaught. We think this contention is sound. The contract made the basis of the suit was signed by W. E. and H. H. Vaught, as contractors, together with Pendergrass and Garrett, and the bond was signed by the Vaughts as principals and by the appellant as surety. The appellant alleged that it signed the bond as surety, relying upon the fact apparent from the face of the bond and contract that the Vaughts were principals as to appellant; that appellant had no knowledge of any alleged agreement between the Vaughts and the lumber company; that the former were to be held merely as sureties, and that the Vaughts are therefore estopped to deny their liability upon the bond as principals. This issue was not submitted to the jury, but there is no evidence in the record tending to disprove the appellant's plea of estoppel. Appellant had the right to rely upon the facts as they appeared from the contract and bond, and which showed that the Vaughts were contractors and principal obligors. In the absence of evidence, there can be no presumed finding by the court, which would deny the effect of the appellant's plea of estoppel. We think the judgment of the trial court is erroneous in denying the appellant the right to recover over against W. E. Vaught and H. H. Vaught, as principals, and in this particular the judgment will be reformed and rendered in favor of appellant and against the Vaughts for the amount which the appellee has recovered against the defendant.

[7, 8] The appellant further contends that, because the several interveners filed their pleas of intervention more than one year after the completion of the building, their causes of action were barred. It appears that interveners filed their petitions within less than a year from the publication of notice of the suit. Moreover, the appellant did not plead the statute of limitation as against the interveners, and the rule is that it must be pleaded in order to be made available. Edwards Mfg. Co. v. Southern Security Co. (Tex. Civ. App.) 283 S. W. 624; Van Zandt v. Desdemona Independent School District (Tex. Civ. App.) 283 S. W. 626. For the reasons stated, this proposition is overruled.

The fourth proposition is without merit, and is also overruled.

That portion of the judgment of the trial court denying the appellant a recovery against the Vaughts is reversed, and is here rendered in favor of appellant, and, as reformed, the judgment is affirmed.

Reformed and affirmed.