TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00663-CR






Michael Ignasiak, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0964382, HONORABLE FRED A. MOORE, JUDGE PRESIDING







Appellant was indicted for the murder of Linda Henderson Brush, but a jury found him
guilty of the lesser included offense of manslaughter. Tex. Penal Code Ann. § 19.04 (West 1994). The
jury assessed punishment, enhanced by a previous felony conviction, at imprisonment for ninety-nine years
and a $5000 fine. We will affirm.

According to appellant's written confession, he and Brush planned to take a .38 caliber
pistol belonging to Brush to a pawn shop. "I was sitting on the bed on the back left hand corner. I was
fixing to reload it and put one bullet in it playing with it. I clicked it off once and then again. When I clicked
it the second time it went off. At my woman was where it was pointed." The bullet struck Brush in the
head, killing her.

Brush's nephew, D.J. Henderson, witnessed the shooting. Henderson testified that
appellant put a single bullet in the pistol and told Brush "to go to the window and shoot it in those woods." 
When Brush told appellant she did not want to do this, "[H]e just . . . pointed it at her head and then he
clicked it two times and then it went off and he shot her in the head."

Appellant's first point of error is that the district court erred by "permitting testimony stating
a conclusion of law from a witness who was speaking outside of his acknowledged area of expertise and
who was not knowledgeable in regard to the relevant legal standards of recklessness and negligence." The
witness is question was Michael Nellis, a licensed peace officer, a certified firearms instructor, and the
owner of a firearms training school. Nellis was asked if the conduct described in appellant's confession
was reckless or criminally negligent, as those terms are statutorily defined. Nellis answered, "I would say
it was reckless."

Appellant voiced three objections to Nellis's testimony at trial:


(1) "I anticipate that he's going to testify about whether or not this handgun was used in
conformity with safety standards that he's familiar with and I think his opinion is irrelevant
for the jury. I think it's for them to decide." The district court did not rule on this
objection.


(2) "It is calling for a legal conclusion, not a conclusion based on his field of expertise . .
. ." "[A]n expert may only offer an opinion in his field of expertise. . . . He can't offer an
opinion on the issue of recklessness. That is the ultimate charge to the jury. Cause of
death, manner and means, all of those are clearly subject to the opinion. This is an attempt
to offer the opinion -- the heart of my objection is it's a legal conclusion, it's a legal
opinion. It goes straight to the law that is going to be put to the jury." The court overruled
this objection.


(3) "I'm objecting to the presentation of the legal question to this witness and point to the
plain language of 704: 'An expert witness is not entitled to give a legal opinion or answer
as to a point of law,' and that's what I believe this man is doing." The prosecutor
responded that rule 704 permits "an opinion on the ultimate issue of fact," and that he
intended to ask the witness "whether the handling of the firearm was reckless or negligent
as defined in Texas law." Defense counsel then added, "That is construing law and legal
definitions and I object for that reason." This objection was overruled.



Texas Rule of Criminal Evidence 704 states: "Testimony in the form of an opinion or
inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by
the trier of fact." Under rule 704, opinion testimony regarding a defendant's culpable mental state is not
excludable on the ground that this is an ultimate issue for the jury. Fairow v. State, 943 3 S.W.2d 895,
897-98 n.5 (Tex. Crim. App. 1997). The decision to admit such testimony is committed to the discretion
of the trial court, guided by the general principles applicable to the admission of opinion testimony. See id.
at 898-901 (discussing whether trial court abused discretion by excluding lay opinion testimony as to
whether defendant intentionally shot victim); 2 Steven Goode, Olin Guy Wellborn III & M. Michael
Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 704.1 (Texas Practice 2d ed.
1993).

Appellant argues that Nellis was not shown to be familiar with the legal definitions of
recklessness and criminal negligence, or otherwise qualified to express a legal opinion as to appellant's state
of mind when the fatal shot was fired. (1) He further argues that Nellis's opinion testimony was unnecessary
because the jury was in possession of all the relevant facts and could draw the proper inferences. 
Appellant's trial objections, however, centered on the contention that the challenged testimony went to an
"ultimate issue" or "legal question" about which expert testimony is categorically barred. The contentions
he now makes were not presented to the district court and therefore were not preserved for review. We
do not reach the question whether the decision to admit Nellis's opinion testimony was an abuse of
discretion. Point of error one is overruled.

Appellant's second point of error complains of the admission in evidence of a twenty-two
page record from the Austin Housing Authority containing documents relating to the deceased's application
for public housing. Appellant contends the exhibit was irrelevant, but offers no argument or authority in
support of this contention. See Tex. R. App. P. 38.1(h). At trial, the State argued that the exhibit showed
that the deceased was planning to leave appellant, and therefore was evidence of motive to kill. Since the
jury acquitted appellant of murder, and thus found that he did not intentionally or knowingly take Brush's
life, any error in the admission of the exhibit was harmless. See Tex. R. App. P. 44.2(b). Point of error
two is overruled.

Finally, appellant contends the district court erred by admitting at the punishment stage
State's exhibit eighty-four, containing a complaint, information, and judgment of conviction reflecting that
appellant was convicted of resisting arrest in 1994 and placed on community supervision. Appellant asserts
that this conviction was inadmissible because it was not final. The record does not support this assertion,
which is without merit in any event. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1997). 
There also is no support in the record for appellant's contention that the term of supervision had expired
and the cause had been dismissed. The opinion on which appellant relies, Taylor v. State, 911 S.W.2d
906 (Tex. App.--Fort Worth 1995, pet. ref'd), is not on point. Point of error three is overruled.

The judgment of conviction is affirmed.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 20, 1997

Do Not Publish

1. We note that Nellis was given the statutory definitions of recklessness and criminal negligence and
asked to express his opinion in light of those definitions. Cf. Fairow, 943 S.W.2d at 901 (witness was
not given legal definition of intentional). One of the factors to be considered by the court when deciding
whether to admit opinions regarding mixed questions or law and fact is whether the proffered opinion is
based on adequately explored legal criteria. Guide to Texas Rules § 704.1.


s what I believe this man is doing." The prosecutor
responded that rule 704 permits "an opinion on the ultimate issue of fact," and that he
intended to ask the witness "whether the handling of the firearm was reckless or negligent
as defined in Texas law." Defense counsel then added, "That is construing law and legal
definitions and I object for that reason." This objection was overruled.



Texas Rule of Criminal Evidence 704 states: "Testimony in the fo